## 33935. MASON v. BANKS.

UNDERCOFLER, Presiding Justice.

In this habeas proceeding, two issues are raised. Mason pled guilty to eight nine-year-old indictments for passing fictitious checks and escape. He asserts there is no record of this hearing held in chambers and thus the state cannot meet its burden of establishing the voluntary and intelligent nature of the pleas. Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1968). Next, he contends he had no legal advice or counsel concerning possible defenses to these old indictments in violation of his constitutional rights to a speedy trial and to effective assistance of counsel and the habeas court erred in finding the pleas were intelligently and voluntarily entered under these circumstances. Barker v. Wingo, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1971).

Mason was indicted in March, 1964, by the Franklin County Grand Jury on seven counts of passing fictitious checks. In October, 1966, he was indicted for escape. In 1965 he was arrested in Alabama and convicted of burglary, serving eight of a ten-year sentence there. He was returned to Franklin County following parole in late November, 1973, and on December 3, 1973, he pled guilty and was given probated sentences of two years, consecutive, on each of the check counts and twelve months for escape. On March 18, 1976, his probation was revoked for failing to report, leaving the state without permission, and his indictment and trial for burglary in

Elbert County while on probation. On January 8, 1978, Mason filed his petition for the writ of habeas corpus. At a hearing on April 10, 1978, his petition was denied and he appeals. We affirm.

1. The extrinsic evidence offered at the habeas corpus hearing authorized the finding that the guilty pleas were in fact voluntarily and knowingly entered. Boykin v. Alabama, supra; *Roberts v. Greenway,* 233 Ga. 473 (211 SE2d 764) (1975); *Purvis v. Connell,* 227 Ga. 764 (182 SE2d 892) (1971); *Laidler v. Smith,* 227 Ga. 759 (182 SE2d 891) (1971). The trial judge, testifying as Mason's witness, stated he fully advised Mason of his constitutional rights to assistance of counsel prior to making any plea or for preparation for trial if he wanted one. Mason stated he "did not" want an attorney. The judge also advised Mason of his right to trial by jury; to call witnesses in his behalf and of his right to remain silent. He was advised of the state's recommendation that any sentence be probated, but the judge was not bound by this recommendation. The judge stated he considered a letter offered by Mason to support a recommendation for probation written by the chaplain of the Alabama State Prison and advised Mason concerning alternative sentences he could expect if he pled guilty or went to trial and was convicted. The judge then told Mason the recommendation for probation would be accepted because it appeared he had reestablished his family ties and had a job.

Following this testimony, Mason testified, corroborating the judge's testimony with regard to the above statements concerning Mason's constitutional rights and fully establishing that he knew at the time of making the pleas that he understood his rights. He also freely admitted the checks had been forged and issued by him, and at no point did Mason testify that he felt coerced into entering his pleas of guilty. Enumerations of error 1, 2, and 5 are without merit.

2. Having fully and voluntarily entered a plea of guilty, Mason cannot now raise as a defense his right to a speedy and public trial. "In the case of a plea of guilty, such plea would waive any defense known and unknown . . ." *Balkcom v. McDaniel,* 234 Ga. 470 (216 SE2d 328) (1975). Enumerations of error 3 and 4 are without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1978 — DECIDED SEPTEMBER 28, 1978.

*Thomas J. Killeen,* for appellant.

*Bryant Huff, District Attorney, Malcolm C. McArthur, William P. Rowe, III, Assistant District Attorneys, Arthur K. Bolton, Attorney General,* for appellee.

