S96A1239. TUTT v. THE STATE.
(472 SE2d 306)

HUNSTEIN, Justice.

Darreyl Tutt was arrested on April 23, 1991, following a series of crimes committed with Jamie Kenmont Kerien Brown. See *Brown v. State*, 264 Ga. 803 (450 SE2d 821) (1994). Tutt was indicted in Richmond County on July 9, 1991 for murder, armed robbery, aggravated assault, and other offenses. The State filed its notice of intent to seek the death penalty on July 11, 1991, and Tutt filed a demand for trial on July 12, 1991, in accordance with OCGA § 17-7-171 (a). Pretrial proceedings under the Unified Appeal Procedure, OCGA § 17-10-35.1, were certified as complete on October 22, 1993. On November 8, 1993, Tutt entered into a plea agreement and was sentenced to life

without parole. He filed a motion for discharge and acquittal on January 25, 1996, contending that delays in the handling of his case constituted a violation of OCGA § 17-7-171, as well as due process and equal protection. Tutt now appeals the denial of that motion.

OCGA § 17-7-171 (b) provides for discharge and acquittal in capital cases if a defendant is not given a trial within two regular terms of court following the filing of a demand for trial, assuming jury availability and the defendant's readiness. OCGA § 17-7-171 (c), which applies to cases for which the death penalty is sought, provides that the counting of the two terms does not begin until the first term following the completion of pretrial proceedings pursuant to OCGA § 17-10-35.1. Thus, Tutt would not have been entitled to discharge and acquittal until March 1994, see OCGA § 15-6-3 (5) (C), the third term following completion of pretrial proceedings; he pled guilty in November 1993.

Moreover, having voluntarily entered a plea of guilty, Tutt cannot raise as a defense his right to a speedy trial. *Mason v. Banks,* 242 Ga. 292 (2) (248 SE2d 664) (1978). Once a defendant solemnly admits in open court that he is in fact guilty of the offense charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Addison v. State,* 239 Ga. 622 (238 SE2d 411) (1977). An exception will only be made if the error goes to the very power of the State to bring the defendant into court. Id. at 624. See also *Blackledge v. Perry,* 417 U. S. 21 (94 SC 2098, 40 LE2d 628) (1974). No such situation is presented here.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 15, 1996.

Darreyl L. Tutt, *pro se.*

*Daniel J. Craig,* District Attorney, *Charles R. Sheppard,* Assistant District Attorney, *Michael J. Bowers,* Attorney General, *Caroline W. Donaldson,* Assistant Attorney General, for appellee.