A00A2457. GLASS v. THE STATE.
(545 SE2d 360)

ELLINGTON, Judge.

A Cobb County jury convicted Bruce Lamar Glass of rape, OCGA § 16-6-1, and aggravated sexual battery, OCGA § 16-6-22.2. Following a hearing, the trial court denied Glass' timely motion for new trial on April 30, 1999. Eight months later, Glass filed a motion for out-of-time appeal and/or motion for leave to file an amended motion for new trial, alleging ineffective assistance of appellate counsel in failing to file a timely notice of appeal. Following a hearing, the trial court denied Glass' motion, specifically finding that "the failure to timely file an appeal was due to the Defendant's own conduct, and was not attributable to ineffective assistance of counsel." Glass

appeals from this ruling. For the reasons which follow, we reverse.

1. "[T]he denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion." (Citation omitted.) *Keller v. State*, 242 Ga. App. 150, 151 (1) (529 SE2d 167) (2000).

> The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal. . . . [O]ur courts have long recognized the right to effective assistance of counsel on appeal from a criminal conviction, and have permitted out-of-time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights. *The right to appeal is violated when the appointed lawyer deliberately forgoes the direct appeal without first obtaining his client's consent. Such action constitutes ineffectiveness.* A criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal. However, a convicted party may, by his own conduct or in concert with his counsel, forfeit his right to appeal by sleeping on his rights.

(Footnotes omitted; emphasis supplied.) *Butts v. State*, 244 Ga. App. 366, 367 (536 SE2d 154) (2000). See also *Cannon v. State*, 175 Ga. App. 741, 742 (334 SE2d 342) (1985) (a defendant waives his right to appeal when he, alone or in concert with his attorney, " 'purposefully delays the appeal of his conviction to his own advantage' "). We apply the "any evidence" standard to findings of the trial court, acting as the trier of fact, with regard to whether counsel informed the defendant of his appeal rights and whether the defendant voluntarily waived those appeal rights. *Butts v. State*, 244 Ga. App. at 368.

The record in this case shows that, approximately two weeks after the trial court denied his motion for new trial, Glass wrote to the public defender's office and asked that his first appellate counsel be taken off his case. In his letter, Glass said, "I will seek other alternatives as far as legal representation is concerned." Glass' first appellate counsel immediately asked the trial court to sign a draft order allowing him to withdraw as counsel. The trial court refused and indicated that it preferred to have Glass produced and to have replacement counsel appointed in open court. On May 25, 1999, counsel filed a motion to withdraw and a petition requesting a production order; the trial court signed the order requiring Glass to be produced for a hearing on June 15, 1999. The 30-day time period for filing a notice of appeal or for obtaining an extension of time ended on June

1, 1999. See OCGA §§ 5-6-38 (a); 5-6-39 (a), (d). The trial court appointed new appellate counsel in an order entered June 17, 1999.

The evidence is undisputed that Glass expressed his desire to appeal his conviction to his counsel of record; there is *no* evidence in the record that Glass indicated to his counsel or anyone else that he did not want to pursue an appeal. In his letter to the public defender's office, Glass stated, "I do not want [first appellate counsel] to represent me on my appeal." Glass' first appellate counsel testified that he was appointed to prosecute Glass' appeal and that Glass wanted new counsel "to represent him in the appeal."

Although Glass' letter to the public defender's officer suggested he intended to retain counsel, no attorney filed an entry of appearance before the expiration of the 30-day period for filing a notice of appeal. Nor did Glass formally terminate his first appellate counsel on the record. See Daniel, Ga. Criminal Trial Practice (1999 ed.), § 7-3, pp. 282-285. Therefore, counsel was not relieved of the responsibility of protecting Glass' interests until the trial court entered the order allowing him to withdraw as counsel and substituting new counsel. Uniform Superior Court Rule 4.3; see also USCR 30.2 (after arraignment, defense counsel of record must complete trial unless replaced by substitute counsel or otherwise relieved by the trial court); *Schaefer v. State*, 238 Ga. App. 594 (1) (519 SE2d 248) (1999) (even if defendant informed counsel and the court that he no longer desired counsel's services, counsel continued to represent defendant as counsel of record until released by the court).

Because Glass did not consent to forgoing an appeal of his conviction, the failure of Glass' counsel to protect Glass' right to appeal by filing a timely notice of appeal, or by obtaining an extension of time under OCGA § 5-6-39, constitutes ineffectiveness. *Butts v. State*, 244 Ga. App. at 367. Therefore, we must conclude the trial court abused its discretion in denying Glass' motion for an out-of-time appeal. *Rowland v. State*, 264 Ga. 872, 875-876 (2) (452 SE2d 756) (1995); *Webb v. State*, 254 Ga. 130, 131 (327 SE2d 224) (1985).

2. In ruling on the motion for an out-of-time appeal, the trial court was limited to considering the allegations of ineffective assistance of appellate counsel only insofar as they involved the denial of Glass' right to appeal. *Ponder v. State*, 260 Ga. 840 (1) (400 SE2d 922) (1991). Therefore, Glass' remaining enumerations of error are not yet ripe for appellate review. Id. at 841-842; *Balkcom v. State*, 227 Ga. App. 327, 331 (489 SE2d 129) (1997). See *Maxwell v. State*, 262 Ga. 541, 542 (3) (422 SE2d 543) (1992) (defendant granted an out-of-time appeal may file a second motion for new trial; the trial court may exercise its discretion to refuse to reopen issues that it decided in the first motion for new trial).

*Judgment reversed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 2, 2001 —
RECONSIDERATION DENIED FEBRUARY 16, 2001.

*Louise T. Hornsby*, for appellant.
*Patrick H. Head*, District Attorney, *Dana J. Norman, Ann B. Harris*, Assistant District Attorneys, for appellee.