## A01A1211. UMBEHAUM v. THE STATE.
### (554 SE2d 608)

Phipps, Judge.

Patrick Umbehaum pled guilty to the charge of robbery and was sentenced to 12 years imprisonment. Although represented by counsel below, he directly appeals from his conviction, pro se. He contends he was denied his right to a speedy and public trial, the nature of the robbery charge was not explained to him, the State violated a previous plea bargain agreement, there was prosecutorial misconduct, and he was denied effective assistance of counsel. Because the record shows that Umbehaum's guilty plea was intelligently and voluntarily entered, thus waiving his right to a trial, we affirm. The remaining contentions are not properly before us.

1.

When a defendant challenges the validity of his guilty plea, the State bears the burden of showing that the plea was entered voluntarily and intelligently and that the defendant had an understanding of the nature of the charges against him and the consequences of the plea. The State may meet its burden in two ways: (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea; or (2) filling a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.[1]

The record belies Umbehaum's contention that the nature of the charge was not explained to him. The indictment on which Umbehaum entered a written plea of guilty listed the robbery charge and the basis for the charge. At the plea hearing, the prosecutor set forth the factual basis for the charge, stating that Umbehaum was accused of entering a bank on June 10, 1999, snatching approxi-

---

[1] (Punctuation and footnotes omitted.) *Smith v. State*, 249 Ga. App. 666 (549 SE2d 487) (2001).

mately $26,450 in American Express traveler's checks from a teller, then fleeing the scene. Umbehaum admitted that he committed the criminal act, acknowledged that doing so was wrong, and affirmed that he understood the robbery charge.

Umbehaum was fifty years old at the time of the hearing and had completed two years of post-high school education. He stated that he could read and write English. He was represented by an attorney and confirmed to the court that he had received adequate time to speak with his attorney about his case and that he was satisfied with his attorney's services. "It may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."[2] The State has carried its burden of showing that Umbehaum understood the nature of the robbery charge to which he subsequently pled guilty.

Further, Umbehaum stated at the plea hearing that he understood that he had the right to plead not guilty, that he had the right to a trial by jury, and that by pleading guilty he was giving up that right. He further stated that he understood that he had the right to be presumed innocent until proven guilty, the right not to incriminate himself, the right to confront witnesses, the right to testify, to offer evidence and to subpoena witnesses, and the right to counsel at trial. He also acknowledged that he understood that the court could sentence him to a period of up to 20 years of imprisonment and a fine of up to $100,000 upon his plea of guilty to the charge. Umbehaum stated he was pleading guilty, that his plea was voluntary and knowing, and that no one had promised him anything.

The record shows that Umbehaum entered his guilty plea to robbery voluntarily and intelligently and with an understanding of the nature of the charges against him and the consequences of the plea.[3]

2. Umbehaum's contention that he was denied his right to a speedy and public trial and that such denial violated the Interstate Agreement on Detainers[4] (IAD) is without merit. A defendant who has entered a voluntary and intelligent plea of guilty cannot thereafter raise as a defense the denial of his right to a speedy trial.[5] With limited exceptions not applicable here, "[o]nce a defendant solemnly admits in open court that he is in fact guilty of the offense charged, he may not thereafter raise independent claims relating to the depri-

---

[2] (Citation and punctuation omitted.) *Mock v. State*, 218 Ga. App. 514, 517 (2) (462 SE2d 429) (1995).

[3] See *Smith*, supra at 666-667 (1), (2); *Brown v. State*, 226 Ga. App. 309, 310 (486 SE2d 429) (1997).

[4] OCGA § 42-6-20.

[5] *Tutt v. State*, 267 Ga. 49, 50 (472 SE2d 306) (1996); *Mason v. Banks*, 242 Ga. 292, 293 (2) (248 SE2d 664) (1978).

vation of constitutional rights that occurred prior to the entry of the guilty plea."[6] Having entered a valid plea of guilty, Umbehaum cannot now raise as a defense his right to a speedy and public trial.[7]

Further, there was no violation of the IAD, which requires that a defendant imprisoned in another state be brought to trial within 180 days of his written request for final disposition.[8] On July 10, 2000, Umbehaum, then incarcerated in Nevada, filed a request to dispose of the robbery charge under authority of the IAD. Pretermitting whether Umbehaum's request strictly complied with the IAD's requirements, Umbehaum pled guilty on October 20, 2000, which was within the 180-day period.[9]

3. Umbehaum's contention that the State reneged on two prior plea bargain agreements presents nothing for this court to review. Umbehaum does not urge that the trial court erred in failing to enforce any agreed-upon plea bargain, nor does he otherwise specify any error allegedly committed by the trial court.[10]

Umbehaum claims that on August 10, 2000, his counsel informed him that an assistant district attorney had offered a sentencing recommendation of "ten years, do five years" in exchange for Umbehaum's plea of guilty. He claims he accepted the offer, but later the assistant district attorney withdrew the "agreement." Thereafter, on September 28, 2000, Umbehaum filed a motion to enforce the "plea bargain." "The record, however, contains no ruling on the motion, no indication that [Umbehaum] objected to entering his plea without such a ruling, [nor any] showing that he otherwise attempted to elicit a ruling. Thus, the issue is waived."[11]

Umbehaum also claims that he agreed to a second offer to plead guilty in exchange for a recommendation of "15 years, do 10 years." The record reveals, that during the plea hearing, the assistant district attorney informed the court that although she previously had made a recommendation, "[she] realized real fast that to ask for restitution for the county for [defense counsel's] fees, to ask for monetary restitution, was a complete waste of breath because it's never going to happen, because [Umbehaum] told [her] that he can't work because . . . he gets SSI or something like that." The assistant district attorney then recommended that Umbehaum receive "a sentence of twelve years to serve, period." The court asked whether

---

[6] *Tutt*, supra; *Addison v. State*, 239 Ga. 622, 624 (238 SE2d 411) (1977).

[7] *Tutt*, supra.

[8] Article III of OCGA § 42-6-20; *Clater v. State*, 266 Ga. 511, 512 (1) (467 SE2d 537) (1996).

[9] See *Tutt*, supra; see also *Thompson v. State*, 240 Ga. App. 539, 541 (5) (524 SE2d 239) (1999) (guilty plea constituted a withdrawal of speedy trial demand).

[10] See *Sparks v. State*, 232 Ga. App. 179, 182 (3) (a) (501 SE2d 562) (1998).

[11] (Citation omitted.) *Obi v. State*, 230 Ga. App. 476, 477 (3) (496 SE2d 556) (1998).

Umbehaum agreed to that, and Umbehaum's attorney answered, "Yes, Your Honor, we have agreed to that." Although the attorney stated that he considered the sentence recommendation to be "stiff," he again confirmed, "I want the judge to take it." The trial court imposed a 12-year sentence without objection from Umbehaum.

"Objections presented for the first time on appeal furnish nothing for us to review, for this court is a court for correction of errors of law committed by the trial court where proper exception is taken."[12] Consequently, this contention presents nothing for review.

4. Umbehaum contends that the assistant district attorney committed prosecutorial misconduct by making inappropriate remarks about him to his counsel when the two attorneys were at a restaurant. Umbehaum has not supported this allegation by specific reference to the record.[13] Nor is there anything in the record supporting this contention or indicating that Umbehaum raised the issue of prosecutorial misconduct to the trial court.[14] Consequently, this contention presents nothing for this court to review.[15]

5. Umbehaum's contention of ineffective assistance of counsel is barred by *Obi v. State*.[16] A defendant may not directly appeal from a guilty plea on the ground of ineffective assistance of counsel where there has not been a post-plea hearing in the trial court developing that claim, and instead, the only evidence in the record is the transcript of the guilty plea hearing.[17] The defendant's proper remedy is to file a motion to withdraw his guilty plea and appeal the denial of that motion.[18]

The record in this case contains no such motion. Because Umbehaum failed to develop his ineffectiveness claim in a post-plea hearing and the only evidence in the record is the transcript of his guilty plea and sentencing hearing, which provides no evidence of that claim, he cannot raise this issue in this direct appeal of his conviction.[19] We note that the trial court's jurisdiction over such a motion to withdraw the guilty plea expired at the end of the term of court in which the judgment of conviction was rendered.[20] Thus, Umbehaum's sole remaining remedy on this claim is habeas corpus.[21]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

---

[12] (Citation and punctuation omitted.) *Sparks*, supra.

[13] See Court of Appeals Rule 27 (c) (3) (i).

[14] See *Beecher v. State*, 240 Ga. App. 457, 459 (3) (523 SE2d 54) (1999).

[15] *Sparks*, supra.

[16] 229 Ga. App. 94, 96 (2) (493 SE2d 246) (1997).

[17] Id.

[18] Id.

[19] Id.

[20] Id.

[21] See id.; *Aikens v. State*, 241 Ga. App. 816-817 (527 SE2d 916) (2000); *Flanigan v. State*, 238 Ga. App. 296, 297 (2) (517 SE2d 569) (1999).

DECIDED SEPTEMBER 6, 2001 — 

Patrick Umbehaum, *pro se.*
*Patrick H. Head, District Attorney, Amelia G. Pray, Dana J. Norman, Irvan A. Pearlberg, Assistant District Attorneys*, for appellee.