## A01A2301. THORPE v. THE STATE.
(558 SE2d 804)

ELLINGTON, Judge.

Kenny Tobias Thorpe pled guilty to conspiracy to commit a crime, OCGA § 16-4-8. He appeals the trial court's order denying his motion for an out-of-time appeal, contending his trial counsel failed to inform him of his right to appeal. Thorpe raises additional arguments regarding the voluntariness of his plea, the denial of his motion to withdraw his guilty plea, and his sentence. For the following reasons, we reverse as to the denial of an out-of-time appeal and remand to the trial court for a hearing.

In seeking an out-of-time appeal, Thorpe argued, inter alia, that his trial counsel rendered ineffective assistance by failing to inform him of his right to appeal. In denying his motion, the trial court stated, "[s]ince there is no right to appeal a guilty plea, there is no requirement that an accused who pleads guilty be advised of that non-existent right." The trial court overstated the limitations on the right to appeal after judgment is entered on a guilty plea. A criminal defendant may pursue a direct appeal from a judgment of conviction and sentence entered on a guilty plea *if* "the issue on appeal can be resolved by facts appearing in the record," including the transcript of his guilty plea hearing. (Citations and punctuation omitted.) *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996). "An out-of-time appeal is appropriate where, as the result of ineffective assistance of counsel, a timely direct appeal was not taken. It is the remedy for a frustrated right of appeal." (Citations and punctuation omitted.) Id. Where a defendant's judgment of conviction and sentence were entered after he pled guilty, the defendant bears the burden in moving for an out-of-time appeal of showing "he actually had a *right* to file a timely direct appeal which was frustrated by the ineffective assistance of his counsel." (Emphasis in original.) Id.

In his motion seeking an out-of-time appeal, Thorpe carried his burden of identifying at least one appellate issue which could be resolved by facts appearing in the record, including the transcript of his guilty plea hearing.[1] Specifically, Thorpe argued the trial court

---

[1] For Thorpe's benefit as a pro se litigant, we note that his enumeration of error regarding the alleged ineffective assistance rendered by his trial counsel (in matters *other than* failing to advise him of his right to appeal) cannot be resolved with reference to facts appearing in the record. Accordingly, such arguments cannot be addressed in a direct appeal from the judgment entered on his guilty plea. *Stewart v. State*, 268 Ga. 886, 887 (494 SE2d 665) (1998). The appropriate vehicle for developing the required factual record was via a motion to withdraw his guilty plea. *Umbehaum v. State*, 251 Ga. App. 471, 474 (5) (554 SE2d 608) (2001); *Obi v. State*, 229 Ga. App. 94, 96 (2) (493 SE2d 246) (1997). See *Farist v. State*, 249 Ga. App. 320 (1) (547 SE2d 618) (2001) (after entry of judgment on a guilty plea, a motion for new trial will not lie as there was no trial). The right to counsel continues through a timely motion to withdraw a guilty plea, and an appeal would lie from the denial of that motion.

erred when it failed to inform him that he could withdraw his guilty plea as a matter of right after the court stated its intention to reject the plea agreement and before it pronounced judgment and sentence. Because Thorpe was entitled to file a direct appeal from the judgment entered on his guilty plea and enumerate any alleged errors which could be resolved by facts appearing in the record, his trial counsel should have informed him of that right. *Smith v. State*, 266 Ga. at 687.

Thorpe contends, however, that his trial counsel never informed him of his right to file a limited direct appeal.

> Our courts have long recognized the right to effective assistance of counsel on appeal from a criminal conviction, and have permitted out-of-time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights. The right to appeal is violated when the appointed lawyer deliberately forgoes the direct appeal without first obtaining his client's consent. Such action constitutes ineffectiveness. A criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal.

(Citations, punctuation and emphasis omitted.) *Glass v. State*, 248 Ga. App. 91, 92 (1) (545 SE2d 360) (2001). If Thorpe was not responsible for his failure to file a timely notice of appeal, the trial court should have granted his motion for an out-of-time appeal. Id. We find the trial court abused its discretion by failing to make a factual inquiry into whether Thorpe's counsel informed the defendant of his appeal rights and whether the defendant voluntarily waived those appeal rights. We therefore reverse the denial of Thorpe's motion for an out-of-time appeal and remand for a hearing on this issue. *Hasty v. State*, 213 Ga. App. 731, 732 (445 SE2d 836) (1994).

*Judgment reversed as to the denial of the motion for an out-of-time appeal and case remanded with direction. Johnson, P. J., and Ruffin, J., concur.*

---

Fortson v. State, 272 Ga. 457, 459-460 (1) (532 SE2d 102) (2000); *Umbehaum v. State*, 251 Ga. App. at 474 (5). The trial court's jurisdiction to hear such a motion, however, expired at the end of the term of court in which judgment was entered on the plea. *Henry v. State*, 269 Ga. 851, 853 (2) (507 SE2d 419) (1998); *Farist v. State*, 249 Ga. App. at 320 (1). Thorpe's only remaining remedy for his ineffective assistance of counsel claims (and other issues which cannot be resolved with reference to facts already in the record) is via a petition for a writ of habeas corpus. *Umbehaum v. State*, 251 Ga. App. at 474 (5); *Farist v. State*, 249 Ga. App. at 320 (1).

Kenny T. Thorpe, *pro se.*

Stephen D. Kelley, *District Attorney*, Gregory C. Perry, *Assistant District Attorney*, for appellee.