A01A2526. MATTHEWS v. THE STATE.
(559 SE2d 545)

MIKELL, Judge.

Mark Weyman Matthews appeals the trial court's denial of his motion to set aside a void judgment. He argues that his 1992 charge of theft by receiving stolen property should have been dismissed because he was not tried within the term of court following his demand for speedy trial, as required by OCGA § 17-7-170. We disagree and affirm the ruling of the trial court.

As a preliminary matter, we note that Matthews, who is pursuing this appeal pro se, has failed to provide citations to the record for

---

virtually all of the facts contained in his appellate brief, in violation of Court of Appeals Rule 27 (c) (3). However, we will consider the merits of his appeal.

The record shows that Matthews was indicted on May 26, 1992, for the offense of theft by receiving stolen property. He filed an untimely demand for speedy trial almost six months later on November 11, 1992.[1] After Matthews failed to appear for trial, the court issued a bench warrant for his arrest. In 1998, Matthews was arrested and indicted for a separate charge of theft by receiving stolen property. After pleading guilty to the 1992 and 1998 charges, Matthews was sentenced to five years confinement. The court denied his subsequent motion to set aside the judgment.

We conclude that the trial court did not err in denying Matthews' motion. In *Tutt v. State*, 267 Ga. 49, 50 (472 SE2d 306) (1996), the Supreme Court expressly held that a defendant cannot raise as a defense the right to a speedy trial after entering a guilty plea. "Once a defendant solemnly admits in open court that he is in fact guilty of the offense charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id. It is clear in the case sub judice that Matthews entered a guilty plea to the 1992 charge of theft by receiving stolen property. Therefore, he cannot subsequently raise his right to a speedy trial as a defense to that charge. Accordingly, the trial court did not err in denying his motion to set aside the judgment.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED JANUARY 29, 2002.

Mark W. Matthews, *pro se.*

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.

---

[1] OCGA § 17-7-170 (a) provides that a defendant "may enter a demand for trial at the court term at which the indictment or accusation is filed *or at the next succeeding regular court term thereafter.*" (Emphasis supplied.) Matthews was indicted during the May term of court, but he did not file his demand until November 11 – two terms of court after he was indicted. OCGA § 15-6-3 (5) (C).