## A02A1475. NARANJO v. THE STATE.
(572 SE2d 637)

JOHNSON, Presiding Judge.

Alfredo Naranjo pled guilty to committing an aggravated assault with intent to rob upon the clerk of a convenience store. He filed a motion to withdraw the plea. The trial court denied the motion. Naranjo appeals, arguing that he did not understand what he was

---

doing when he entered his plea. The argument is without merit, and we therefore affirm the judgment of the trial court.

When a defendant challenges the validity of his guilty plea, the state has the burden of showing that the defendant entered the plea voluntarily and intelligently and that he understood the nature of the charge and the consequences of the plea.[1] The state meets its burden either by showing from the record of the guilty plea hearing that the defendant was cognizant of the rights he was waiving and the consequences of the plea, or by filling a silent record with extrinsic evidence showing that the plea was knowing and voluntary.[2]

In the instant case, the state has met its burden by showing from the record of the guilty plea hearing that Naranjo knew the rights he was waiving and the consequences of his guilty plea. The transcript of the guilty plea hearing reveals that Naranjo was represented by counsel, and an interpreter was sworn in to assist with the hearing. Through the interpreter, Naranjo told the court he understood the nature of the aggravated assault charge against him. He also stated that he understood that by pleading guilty he was giving up his rights to a jury trial, to be presumed innocent, to subpoena witnesses, to testify and offer evidence, to be assisted by an attorney, and not to incriminate himself. Naranjo further said that he understood that the possible sentence for aggravated assault is from one to twenty years in prison, that he had discussed the negotiated plea agreement of a seven-year sentence with his attorney, and that he had not been threatened or coerced into pleading guilty.

The trial judge asked Naranjo if he had any problems with what had been interpreted to him, if he understood what was going on, and if there was anything that he did not understand or wanted to be explained. Naranjo told the judge that he had no problems with what had been interpreted, that he understood what was going on, and that he did not need any further explanation. Naranjo then pled guilty to the aggravated assault and said he was entering the plea freely and voluntarily.

Naranjo's attorney then told the court that he had explained all of Naranjo's rights to him, that he knew of no reason why the plea should not be accepted, that an interpreter had been used during all of his consultations with Naranjo, and that he believed Naranjo had understood everything that had happened. Naranjo informed the court that he had no objections to the manner in which his attorney had handled the case. The court then accepted the guilty plea and imposed the recommended sentence of seven years.

[1] *Umbehaum v. State*, 251 Ga. App. 471 (1) (554 SE2d 608) (2001).
[2] Id.

Once the sentence is pronounced, the matter of whether to allow the withdrawal of a guilty plea is within the sound discretion of the trial court, and the court's decision will not be disturbed absent a manifest abuse of that discretion.[3] Given that the record plainly shows that Naranjo's guilty plea was knowing and voluntary, we find no manifest abuse of discretion in the trial court's refusal to allow him to withdraw the plea. The trial court's decision therefore will not be disturbed.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED SEPTEMBER 11, 2002.

*James W. Bradley*, for appellant.

*Robert E. Keller, District Attorney, Bonnie K. Smith, Assistant District Attorney*, for appellee.

---

[3] *Wilcox v. State*, 236 Ga. App. 235, 236 (2) (511 SE2d 597) (1999).