## A02A1493. HARRELL v. THE STATE.
(571 SE2d 502)

ELLINGTON, Judge.

Randall Blair Harrell appeals the trial court's order denying his motion for an out-of-time appeal of his 1997 convictions in Habersham County of statutory rape, OCGA § 16-6-3, and child molestation, OCGA § 16-6-4. For the reasons which follow, we reverse and remand with direction.

> The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion. The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal. Our courts have long recognized the right to effective assistance of counsel on appeal from a criminal conviction, and have permitted out-of-time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights. The right to appeal is violated when the appointed lawyer deliberately forgoes the direct appeal without first obtaining his client's consent. Such action constitutes ineffectiveness. A criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal. However, a convicted party may, by his own conduct or in concert with his counsel, forfeit his right to appeal by sleeping on his rights. We apply the "any evidence" standard to findings of the trial court, acting as the trier of fact, with regard to whether counsel informed the defendant of his appeal rights and whether the defendant voluntarily waived those appeal rights.

(Citations, punctuation and emphasis omitted.) *Glass v. State*, 248 Ga. App. 91, 92 (1) (545 SE2d 360) (2001).

The record shows that, following a hearing on Harrell's motion for new trial on July 31, 1997, the trial court orally announced its decision to deny the motion. The trial court, however, delayed filing a written ruling for over a year. The 30-day period for filing the notice of appeal began to run August 4, 1998, when the trial court denied his post-trial motions. OCGA §§ 5-6-34 (a) (1); 5-6-38 (a). Harrell, through his trial counsel, filed a notice of appeal on November 4, 1999. This Court dismissed Harrell's direct appeal as untimely.

Before ruling on Harrell's subsequent motion for an out-of-time appeal, the trial court conducted a hearing but received no evidence regarding Harrell's *personal* role in the failure to file a timely direct appeal. As the State conceded, however, there was no evidence that Harrell chose not to file an appeal. Indeed, Harrell's trial attorney attributed the failure to file a timely appeal to his own late receipt of notice from the trial court of the ruling on Harrell's post-trial motions. The only conclusion the trial court could reasonably draw from the evidence on Harrell's motion for an out-of-time appeal was that Harrell directed his attorney to file and prosecute a direct appeal.

Because the evidence shows that Harrell did not waive his right to a direct appeal, the trial court abused its discretion in denying Harrell's motion for an out-of-time appeal. *Glass v. State*, 248 Ga. App. at 92-93 (1). The order denying Harrell's motion for an out-of-time appeal must be vacated.

Harrell shall have 30 days from the date that this Court's remittitur is filed in the trial court to file a motion for new trial or a notice of appeal. The clerk is directed to send a copy of this order directly to Harrell and a copy to Harrell's trial counsel, who is directed to forward an additional copy to Harrell. The trial court is directed, upon a proper showing, to appoint new counsel to represent Harrell on appeal. See *Rowland v. State*, 264 Ga. 872, 875-876 (2) (452 SE2d 756) (1995); *Ponder v. State*, 260 Ga. 840, 841-842 (1) (400 SE2d 922) (1991); *Reese v. State*, 216 Ga. App. 773 (456 SE2d 271) (1995).

*Judgment reversed and case remanded with direction. Smith, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 20, 2002.

*Alan B. Fecteau*, for appellant.

*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney*, for appellee.