A08A0943. LEONARD v. THE STATE.
(668 SE2d 321)

ANDREWS, Judge.

On appeal from the denial of his motion to grant an out-of-time appeal concerning his guilty plea, Antone Leonard argues that the trial court erred when it denied the motion because his plea was not knowingly entered, because he was not properly informed of his right to appeal from the denial of his motion to withdraw his plea, because counsel at that hearing was ineffective, and because venue was not proved. Because Leonard was not appointed the counsel he requested soon after the denial of his timely motion to withdraw the plea, and because his right to a direct appeal of that denial was thus frustrated, we reverse and remand for entry of an order granting an out-of-time appeal.

The record shows that Leonard was charged with crimes including robbery, identity fraud, fraud, and financial transaction card theft. At a hearing, Leonard pled guilty to six of the counts against him, and he was convicted. Leonard timely filed a motion to withdraw his plea, and a hearing on the motion was held on February 13, 2006. After the trial court denied Leonard's motion at the hearing, Leonard's prior appointed counsel announced that he would not be representing Leonard in any appeal of the matter. The trial court then stated that it would check with the public defender on the issue of appointing counsel to handle the appeal.

---

[11] *Harkness v. State*, 225 Ga. App. 864, 866 (2) (485 SE2d 810) (1997).

On February 22, 2006, nine days after the hearing, Leonard filed a letter with the trial court inquiring about the appointment of counsel to pursue his appeal. The record contains no evidence that appellate counsel was appointed or that there was any response to Leonard's letter. On April 11, 2006, after the time for filing a direct appeal had expired, Leonard filed a pro se motion for an out-of-time appeal. The trial court denied the motion on the ground that although Leonard knew that he had no representation on appeal from the denial of his motion for an out-of-time appeal, he "did not request further representation." This appeal followed.

1. Our appellate courts have held that

> an out-of-time appeal is the remedy for a frustrated right of appeal, where the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights. A defendant has a right to appeal directly the denial of his timely motion to withdraw a guilty plea.

(Punctuation and emphasis omitted.) *Carter v. Johnson*, 278 Ga. 202, 205 (2) (599 SE2d 170) (2004), citing *Murray v. State*, 265 Ga. App. 119, 120-121 (592 SE2d 898) (2004). A defendant is also entitled to the assistance of counsel for such a direct appeal. See *Murray*, 265 Ga. App. at 120. When a defendant's right to directly appeal the denial of his motion to withdraw a guilty plea has been frustrated, he is entitled to an out-of-time appeal from the order on his motion. See *Carter*, 278 Ga. at 205 (2); *Murray*, 265 Ga. App. at 120-121. "The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal." (Citations omitted.) *Glass v. State*, 248 Ga. App. 91, 92 (1) (545 SE2d 360) (2001).

Here, Leonard seeks to enforce his right to appeal the order denying his motion to withdraw his guilty plea. The record indicates that Leonard had expressed an intent to appeal the decision, and he was entitled to appointed counsel to pursue his appeal. The trial court's findings that Leonard "did nothing for more than 40 days after [the hearing]," "did not contact the Court about appellate counsel," and "did not request further representation" are belied by the record. Nine days after the hearing, Leonard filed a letter asking who would be appointed to represent him on appeal. The record contains nothing suggesting that the trial court responded to his request. Whether the failure to appoint counsel and/or to file a timely appeal was attributable to the trial court or to the public defender's office, it is clear that Leonard himself was not at fault.

Prejudice is presumed and the harmless error analysis does not

apply where there has been a total denial of the assistance of counsel. See *Edwards v. Lewis*, 283 Ga. 345, 349 (2) (658 SE2d 116) (2008); *Kennedy v. State*, 267 Ga. App. 314, 314-315 (599 SE2d 290) (2004). Leonard "did not consent to forgoing an appeal of his conviction," *Glass*, 248 Ga. App. at 93 (1), and the trial court thus abused its discretion when it denied his motion for an out-of-time appeal. Id. Accordingly, we reverse and remand this case to the trial court for entry of an order granting an out-of-time appeal from the denial of Leonard's motion to withdraw his guilty plea.

2. In light of the above, Leonard's remaining assertions of error are moot.

*Judgment reversed and case remanded with direction. Ruffin, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 3, 2008.

*Lawrence W. Daniel*, for appellant.
*David McDade, District Attorney, Thomas R. Thompson, James A. Dooley, Assistant District Attorneys*, for appellee.