### A09A0376. STOCKTON v. THE STATE.
(679 SE2d 109)

BARNES, Judge.

Proceeding pro se, Antonio Stockton appeals from the denial of his motion to grant an out-of-time appeal of the denial of his motion

to withdraw his guilty plea. He argues that the trial court erred in denying his motion because counsel was ineffective in failing to pursue the withdrawal of his guilty plea, and that the trial court failed to inform him that it had rejected his plea deal. For the reasons below, we reverse and remand for entry of an order granting Stockton an out-of-time appeal.

On March 30, 2004, Antonio Stockton entered a guilty plea to armed robbery, aggravated assault, and theft by taking.[1] The State recommended that Stockton's sentence run concurrent to the sentence Stockton was currently serving on a parole violation. The court found a factual basis for the plea, that Stockton's guilty plea was entered freely, voluntarily, and knowingly, and accepted the plea. On April 30, 2004, within the term of court, Stockton filed a motion to withdraw his guilty plea on the grounds that it was not made knowingly, intelligently, or voluntarily, and he was appointed new counsel. Before the hearing on the motion, Stockton's new counsel filed an application for sentence review, apparently abandoning the motion to withdraw. The application was denied for lack of jurisdiction pursuant to OCGA § 17-10-6.1 (b) (1).[2]

On June 19, 2006, Stockton, pro se, wrote a letter addressed to the clerk of court requesting appointed counsel to help with the withdrawal of his guilty plea. The court entered an order acknowledging the receipt of the letter, and further noted that Stockton's original motion to withdraw his guilty plea had not been ruled on or dismissed.[3] The trial court, subsequently, denied the motion "as [the plea] was freely, voluntarily, and knowingly entered." Thereafter, Stockton filed several motions including an "Application for Review of Sentence," "Notice of Appeal," "Motion to Withdraw Guilty Plea," and lastly a "Motion for Out of Time Appeal of Order Deny [sic] Defendant's Motion to Withdraw," in which Stockton argued, in essence, that the actions of his appointed counsel had frustrated his right to appeal.

The trial court denied the second motion to withdraw the guilty plea, finding that it had no jurisdiction outside of the term of court

---

[1] The aggravated assault charge merged as a matter of law into the armed robbery charge.

[2] Notwithstanding any other provisions of law to the contrary, any person convicted of . . . armed robbery shall be sentenced to a mandatory minimum term of imprisonment of ten years and no portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and shall not be reduced by any form of pardon, parole, or commutation of sentence by the State Board of Pardons and Paroles.

[3] The trial court also noted in the order that Stockton's counsel informed the trial court that he was not pursuing the motion to withdraw because he "did not think there was any basis for the withdrawal."

in which the plea was entered, and that the motion had already been ruled on. The trial court also denied Stockton's motion for an out-of-time appeal of the motion to withdraw his guilty plea, holding that Stockton had failed to "show a good and sufficient reason why he was entitled to a direct appeal." It is from the denial of this motion that Stockton appeals.

> [A]n out-of-time appeal is the remedy for a frustrated right of appeal, where the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights. A defendant has a right to appeal directly the denial of his timely motion to withdraw a guilty plea. A defendant is also entitled to the assistance of counsel for such a direct appeal. When a defendant's right to directly appeal the denial of his motion to withdraw a guilty plea has been frustrated, he is entitled to an out-of-time appeal from the order on his motion. The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal.

(Citations and punctuation omitted.) *Leonard v. State*, 293 Ga. App. 808 (1) (668 SE2d 321) (2008).

Here, it is obvious from the record that Stockton attempted to appeal the denial of his motion to withdraw, albeit two years later when the motion was finally ruled on. It is also evident that he requested counsel to help him pursue his appeal. There is no indication from the record that the trial court addressed Stockton's request for counsel to pursue his appeal.

> Prejudice is presumed and the harmless error analysis does not apply where there has been a total denial of the assistance of counsel. [Stockton] did not consent to forgoing an appeal of his conviction, and the trial court thus abused its discretion when it denied his motion for an out-of-time appeal. Accordingly, we reverse and remand this case to the trial court for entry of an order granting an out-of-time appeal from the denial of [Stockton's] motion to withdraw his guilty plea.

(Citations and punctuation omitted.) Id. at 809-810.

*Judgment reversed and case remanded with direction. Miller, C. J., and Andrews, P. J., concur.*

DECIDED MAY 21, 2009.

Antonio Stockton, *pro se.*
Dennis C. Sanders, *District Attorney, Durwood R. Davis, Kevin R. Majeska, Assistant District Attorneys*, for appellee.