**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**January 16, 2013**

# In the Court of Appeals of Georgia

A12A1717, A12A1719, A12A1720. BROWN v. THE STATE (three cases).

BOGGS, Judge.

Freddie Brown, proceeding pro se, filed multiple appeals from orders disposing of various pro se motions he filed attempting to appeal from his guilty plea.[1] For the reasons stated below, we reverse in Case No. A12A1717 and remand for the entry of an order granting Brown an out-of-time appeal. We dismiss the appeals in Case No. A12A1719 and Case No. A12A1720 as moot.

On August 28, 2008, Brown entered a guilty plea to armed robbery, the lesser included offense of robbery by intimidation on a second count of armed robbery, and possession of a firearm by a convicted felon. Immediately after sentence was

---

[1] In addition to the appeals discussed here, Brown filed pro se appeals in Case No. A11A0518 and Case No. A12A1718.

imposed, Brown protested that the terms of the negotiated plea had been misrepresented to him and attempted to withdraw his plea. The trial court responded, "The request is noted for the record and I respectfully decline it."

Brown's trial counsel filed a motion for modification of sentence and Brown filed a pro se motion to withdraw his guilty plea and a motion for appointment of appellate counsel. The trial court denied both the motion for modification of sentence and the motion to withdraw the guilty plea, but the record does not show any court action on or response to Brown's motion for the appointment of appellate counsel, despite repeated inquiries by Brown and a second motion for the appointment of counsel.

Unrepresented by counsel, Brown attempted to file pro se notices of appeal from the orders denying the motion for modification of sentence and the motion to withdraw his guilty plea. But in both cases his notices of appeal were untimely, and this court dismissed his appeals. After dismissal of his appeals, Brown filed a flurry of pro se motions, including multiple motions for an out-of-time appeal. His motions for out of time appeal were denied, and he once again appeals.

"The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal."

(Citations and punctuation omitted.) *Leonard v. State*, 293 Ga. App. 808, 809 (1) (668 SE2d 321) (2008). The procedural posture of *Leonard* is remarkably similar to that presented here. After sentencing on a guilty plea, Leonard filed a letter with the trial court seeking appointment of appellate counsel, but "[t]he record contains no evidence that appellate counsel was appointed or that there was any response to Leonard's letter." Id. Leonard filed a pro se motion for out-of-time appeal, which the trial court denied. Id. On Leonard's appeal of that denial, we held:

> Our appellate courts have held that an out-of-time appeal is the remedy for a frustrated right of appeal, where the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights. A defendant has a right to appeal directly the denial of his timely motion to withdraw a guilty plea. A defendant is also entitled to the assistance of counsel for such a direct appeal. When a defendant's right to directly appeal the denial of his motion to withdraw a guilty plea has been frustrated, he is entitled to an out-of-time appeal from the order on his motion.

(Citations and punctuation omitted.) Id. Observing that Leonard had attempted to enforce his right to appeal, that he was entitled to counsel on appeal, and that nothing in the record showed that the trial court responded to his request for counsel, we held:

> Prejudice is presumed and the harmless error analysis does not apply where there has been a total denial of the assistance of counsel. Leonard

3

did not consent to forgoing an appeal of his conviction, and the trial court thus abused its discretion when it denied his motion for an out-of-time appeal. Accordingly, we reverse and remand this case to the trial court for entry of an order granting an out-of-time appeal from the denial of Leonard's motion to withdraw his guilty plea.

(Citations and punctuation omitted.) Id. at 809-810. See also *Stockton v. State*, 298 Ga. App. 84, 86 (679 SE2d 109) (2009).

The same circumstances obtain here. Brown repeatedly attempted to assert his right to appeal as well as his right to appellate counsel. He was entitled to counsel, and nothing in the record shows that the trial court ever responded to his motions or letters seeking the appointment of counsel to pursue his appeal. We must therefore reverse and remand this case for the entry of an order granting Brown an out-of-time appeal.

2. In light of the reversal and remand in Case No. A12A1717, Brown's remaining assertions of error in Case No. A12A1719 and Case No. A12A1720 are moot.

*Judgment reversed and case remanded with direction in Case No. A12A1717. Appeals dismissed as moot in Case No. A12A1719 and Case No. A12A1720. Doyle, P. J. and Andrews, P. J., concur.*

4