## A03A2018. MURRAY v. THE STATE.
### (592 SE2d 898)

RUFFIN, Presiding Judge.

On September 9, 1999, Anthony Murray pled guilty in Toombs County to two counts each of armed robbery and aggravated assault. Approximately two months later, Murray, proceeding pro se, timely moved to withdraw his guilty plea on the ground that he received ineffective assistance of counsel.[1] The trial court denied his motion in August 2001. Still acting pro se, Murray moved for permission to appeal that denial out of time on December 5, 2002. He also requested appointment of counsel. The trial court subsequently denied Murray's motion for appointment of counsel. Murray appeals, and for reasons that follow, we reverse in part, vacate in part, and remand for further proceedings.[2]

The trial court never explicitly ruled on Murray's motion for an out-of-time appeal. Instead, it concluded that, because Murray failed to appeal from the order denying the motion to withdraw his guilty

---

[4] *Kenney v. State*, 236 Ga. App. 359, 360 (2) (511 SE2d 923) (1999).

[5] Id.

[1] The trial court determined, and we agree, that Murray timely filed his motion to withdraw within the same term of court that he entered his guilty plea. See *Forrest v. State*, 251 Ga. App. 487, 488 (1) (554 SE2d 735) (2001); OCGA § 15-6-3 (24) (D) (terms of court in Toombs County commence on the fourth Monday in February, May, August, and November).

[2] The trial court's order also denies "Defendant's Motion for Documents." We can find no evidence in the record that Murray ever filed such a motion, and he does not argue on appeal that this ruling was error. In fact, it appears that the trial court's discussion of this issue may have related to another defendant in another case.

plea within 30 days from the entry of that order, "the time for a direct appeal has passed along with [his] right to appellate counsel." The trial court apparently found that Murray had lost both his opportunity to appeal and his right to counsel for such an appeal. Implicitly, therefore, it rejected Murray's motion for an out-of-time appeal, as well as his request for appellate counsel.

Without dispute, Murray did not timely appeal the denial of his motion to withdraw his guilty plea. But he asked permission to challenge the decision outside of the statutory 30-day window for filing an appeal.[3] And in Georgia, an out-of-time appeal is the remedy for a frustrated right of appeal, where "the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights."[4] Such an appeal is appropriate when the defendant shows that he was entitled to a direct appeal, but lost that right through no fault of his own.[5]

In denying Murray's requests for counsel and an out-of-time appeal, the trial court vaguely asserted that any appeal relating to his motion to withdraw the guilty plea would be discretionary, rather than as of right. Clear Georgia law establishes the contrary. A defendant has a *right* to appeal directly the denial of his timely motion to withdraw a guilty plea.[6] Our Supreme Court has also determined that a "plea withdrawal proceeding is a critical stage of the criminal prosecution."[7] A defendant who files such a motion, therefore, is entitled to the assistance of counsel, and the trial court must inform the defendant of this right.[8] Moreover, the right to counsel extends through the direct appeal of an order denying the defendant's motion.[9]

The record contains no evidence that the trial court advised Murray of his right to counsel or that anyone informed him that he could appeal the denial of his motion directly. On the contrary, the trial court summarily denied his motion to withdraw without a hearing, after reviewing the "Clerk's file." The record also shows that, rather than filing a notice of appeal, Murray asked the trial court to reconsider its denial of his motion to withdraw and thus allowed the appeal time to expire.[10] Under the circumstances, however, we can-

---

[3] See OCGA § 5-6-38 (a).

[4] *Thorpe v. State*, 253 Ga. App. 263, 264 (558 SE2d 804) (2002). See also *Syms v. State*, 240 Ga. App. 440, 441 (1) (523 SE2d 42) (1999).

[5] See id.

[6] See *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996); *Obi v. State*, 229 Ga. App. 94, 96 (2) (493 SE2d 246) (1997).

[7] *Fortson v. State*, 272 Ga. 457, 459 (1) (532 SE2d 102) (2000).

[8] See id. at 460.

[9] See *Schlau v. State*, 261 Ga. App. 303, 304 (2) (582 SE2d 243) (2003).

[10] *Bell v. Cohran*, 244 Ga. App. 510 (536 SE2d 187) (2000) ("[A] motion for reconsideration does not toll the time for filing a direct appeal.").

not hold Murray, who was denied *any* assistance of counsel and was not told of his appellate rights, responsible for his failure to timely pursue this appeal.[11]

We recognize that "[t]he denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion."[12] In this case, however, an abuse of discretion is evident. The trial court failed to inform Murray that, if he could not afford counsel, counsel would be appointed for him. And Murray was not advised of his appeal rights. These failures and lack of information frustrated Murray's right to a direct appeal, entitling him to appeal out of time the order on his motion to withdraw his guilty plea.[13] Accordingly, to the extent the trial court denied Murray's motion for an out-of-time appeal, it erred.

We further note that, if indigent, Murray is entitled to appointed counsel for his out-of-time appeal.[14] The trial court, however, has not addressed whether Murray, who was represented at the guilty plea proceedings by appointed counsel, still meets the indigence requirements. Accordingly, we must vacate the trial court's ruling on Murray's motion for appointed counsel and remand for a determination of indigence.[15] Before making this determination, the trial court shall grant Murray leave to file documentation necessary to support his indigence claim.

*Judgment reversed in part and vacated in part and case remanded with direction. Smith, C. J., and Miller, J., concur.*

DECIDED JANUARY 9, 2004.

Anthony Murray, *pro se.*

---

[11] See, e.g., *Ledford v. State*, 247 Ga. App. 885, 886-887 (545 SE2d 396) (2001) (trial court abused its discretion in refusing to grant an extension of time to file a motion to suppress to a defendant who appeared pro se at arraignment and was not advised of her right to counsel because, inter alia, "[a] defendant who lacks a lawyer at arraignment may not be aware of or capable of meeting [Uniform Superior Court Rule] 31.1's [motions] deadline and . . . risks forfeiting the right to file important pre-trial motions").

[12] (Punctuation omitted.) *Syms*, supra.

[13] See *Thorpe*, supra ("If [the defendant] was not responsible for his failure to file a timely notice of appeal, the trial court should have granted his motion for an out-of-time appeal."); *Ledford*, supra.

[14] See *Schlau*, supra.

[15] See id. at 305; *Mapp v. State*, 199 Ga. App. 47, 48 (403 SE2d 833) (1991).

*Steven Askew, District Attorney, Charles D. Howard, Assistant District Attorney*, for appellee.

*James C. Bonner, Jr., Sarah L. Gerwig*, amici curiae.