## S04A0213. CARTER v. JOHNSON.

(599 SE2d 170)

BENHAM, Justice.

During his 1996 trial for possession of cocaine with the intent to distribute and possession of a firearm by a convicted felon, Andrew D. Carter changed his pleas to guilty. He was represented by retained counsel during trial and at the time he entered his guilty pleas. After sentencing, Carter timely filed a motion to withdraw his guilty pleas. At the hearing on the motion, he was not represented by counsel and was not informed by the trial court of his right to have counsel present. Carter did not waive his right to have counsel present at the hearing. After Carter testified and was cross-examined, the court found the asserted grounds for relief were inappropriate for a motion to withdraw guilty pleas, Carter had entered his pleas knowingly and voluntarily, and Carter had been aware of the constitutional rights he was giving up by tendering a plea. Accordingly, the trial court denied Carter's motion. The trial court did not tell Carter he had a right to appeal the denial of his motion.

Carter filed a pro se petition for habeas corpus relief in 2002, which petition was amended by later-acquired counsel to allege his Sixth Amendment right to counsel was violated when he was not appointed counsel during the hearing on his motion to withdraw his guilty pleas and did not waive his right to counsel, and he was unlawfully denied the right to appeal the denial of his motion to withdraw his guilty pleas because he was never informed of this right by the trial court. As to the right to counsel, the habeas court denied relief based on its conclusion in *Fortson v. State*, 272 Ga. 457 (532 SE2d 102) (2000), which held a motion to withdraw a guilty plea is a critical stage at which the right to counsel attaches, announced a new rule of Georgia criminal procedure not applicable to Carter's case. The habeas court also denied the second ground for relief, holding Carter did not have an unqualified right to appeal the convictions entered on his guilty pleas, and since no such right existed, did not have to be informed of a right to appeal. The habeas court determined

that since the arguments raised by Carter in the motion to withdraw guilty pleas could not be resolved by reference to facts appearing in the record,[1] Carter was not entitled to appeal his convictions, and in the absence of a right to appeal, the failure to inform him of a right to appeal was not error. This Court granted Carter's application for a certificate of probable cause and directed the parties to address whether the habeas court erred in concluding *Fortson v. State* created a new rule of procedure and, therefore cannot be implemented retroactively in state habeas cases.

1. "A new rule of criminal law will have retroactive effect [i.e., be applied on collateral review] if it falls within one of the following two exceptions: new rules that place certain conduct beyond the power of the State to proscribe, that is, a change in substantive criminal law; and, watershed rules concerning procedures that are implicit in the concept of ordered liberty and that implicate the fundamental fairness and accuracy of the criminal proceeding. [Cits.]" *Head v. Hill*, 277 Ga. 255, 257 (587 SE2d 613) (2003). Our inquiry begins with deciding whether *Fortson*, supra, announced a new rule. "In general, ... a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government. [Cits.] To put it differently, a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U. S. 288, 301 (109 SC 1060, 103 LE2d 334) (1989) (plurality opinion). Since *Fortson* imposes a new obligation on the State (appointment of counsel for motion to withdraw guilty plea) and since the result in that case was not dictated by Georgia precedent existing when Carter's conviction became final, as is shown by the reliance in *Fortson* on decisions from federal courts and those of other states, we conclude the rule announced in *Fortson* is a new rule.

Since the rule announced in *Fortson* was not one that places "certain conduct beyond the power of the State to proscribe," (*Head v. Hill*, supra, 277 Ga. at 257), it is a procedural rule and will be applied retroactively only if it is a "watershed" rule, i.e., a rule "concerning procedures that are implicit in the concept of ordered liberty and that implicate the fundamental fairness and accuracy of the criminal proceeding." Id. "Although the precise contours of this exception may be difficult to discern, we have usually cited *Gideon v. Wainwright*, 372 U. S. 335 (83 SC 792, 9 LE2d 799) (1963), holding that a defendant has the right to be represented by counsel in all criminal trials for

---

[1] In his motion to withdraw guilty pleas, Carter alleged he was on medication that inhibited his judgment, his attorney pressured him into taking a plea, and he was misdirected by his trial counsel.

serious offenses, to illustrate the type of rule coming within the exception." *Saffle v. Parks*, 494 U. S. 484, 495 (110 SC 1257, 108 LE2d 415) (1990). Such watershed rules are rare, indeed: "[S]ince *Teague* was decided, the Supreme Court has never found that any rule falls within the 'watershed' exception despite at least eleven opportunities to do so. [Cit.]" *Leavitt v. Arave*, 371 F3d 663, 678 (9th Cir. 2004). Paraphrasing a holding in *Coleman v. United States*, 329 F3d 77, 89 (2d Cir. 2003), we note that unlike *Gideon*, *Fortson* did not cut a new rule from whole cloth. It merely "clarified and extended" the scope of a well-settled principle of criminal procedure: the defendant's right to representation at critical stages of a prosecution. It did so not by announcing a rule of extremely broad application, as the U. S. Supreme Court did in *Gideon*, but by adding the hearing on a motion to withdraw a guilty plea to the list of critical stages of a prosecution, a change that affects relatively few criminal prosecutions when compared to the effect of *Gideon*. We conclude, therefore, the rule announced in *Fortson* was not a watershed rule. That being so, it will not be applied retroactively. *Head v. Hill*, supra, 277 Ga. 255. It follows that the habeas court was correct in denying Carter relief on his claim that he was wrongfully denied the assistance of counsel on his motion to withdraw his guilty plea.

2. In denying Carter's second claim for relief, that the trial court frustrated Carter's right to appeal from the denial of his motion to withdraw his guilty plea by failing to inform him of that right, the habeas court stated two propositions and cited authority for them: there is no unqualified right to a direct appeal from a conviction entered on a guilty plea (*Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996)); and since there is no such right, there is no duty on the trial court to advise a defendant of the right. *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995). While those cases do state those propositions, the habeas court overlooked an essential difference between those cases and Carter's situation. Both those appeals involved efforts to appeal directly from convictions entered on guilty pleas, whereas Carter was not asserting a right to appeal directly from a conviction entered on a guilty plea, but was asserting a right to appeal directly from the denial of a timely motion to withdraw his guilty plea. The procedure Carter attempted to employ was exactly that suggested by this Court in *Caine v. State*, 266 Ga. 421, 422 (467 SE2d 570) (1996):

> Caine could have filed a motion to withdraw his guilty plea and then his claims would have been fully aired in a timely manner at the hearing on the motion. If Caine had done so and the trial court had denied the motion, then he could have appealed from that denial. However, in this case there was no

such motion or hearing and, thus, no appeal from an order denying the motion.

The Court of Appeals had occasion recently to apply *Caine* in the context of a motion for out-of-time appeal:

> "[I]n Georgia, an out-of-time appeal is the remedy for a frustrated right of appeal, where 'the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights.' [Cit.] . . . A defendant has a *right* to appeal directly the denial of his timely motion to withdraw a guilty plea. See *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996). . . . Murray was not advised of his appeal rights. Th[is] . . . lack of information frustrated Murray's right to a direct appeal, entitling him to appeal out of time the order on his motion to withdraw his guilty plea. [Cits.]"

*Murray v. State*, 265 Ga. App. 119, 120-121 (592 SE2d 898) (2004). Similarly, Carter's right to a direct appeal from the denial of his motion to withdraw his guilty plea was frustrated by the failure of the trial court to inform him of his right to appeal. The appropriate remedy here, as in *Murray*, was to order an out-of-time appeal, which a habeas court has authority to do. *Rowland v. State*, 264 Ga. 872 (2) (452 SE2d 756) (1995). Accordingly, the habeas court's judgment must be reversed to the extent it denied Carter relief on his second claim, the frustration of his right to appeal the denial of his motion to withdraw his guilty plea, and the case must be returned to the habeas court with direction to authorize an out-of-time appeal from the denial of Carter's motion to withdraw his guilty plea.

*Judgment affirmed in part and reversed in part with direction. All the Justices concur.*

DECIDED JULY 12, 2004.

*Marcus C. Chamblee*, for appellant.

*Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellee.