## S08A0564. COBB v. THE STATE.
(663 SE2d 262)

CARLEY, Justice.

In 1990, Ronnie Cobb entered a guilty plea to a charge of felony murder. The trial court accepted the plea, and sentenced him to life in prison. Within 30 days, trial counsel filed a motion for new trial, but subsequently failed to pursue it. However, the trial court, having appointed new appellate counsel to represent Cobb, elected to treat the pending motion as one to withdraw the guilty plea. After conducting a hearing, the trial court denied Cobb's motion in 1997.

Thereafter, Cobb filed a series of pro se motions for out-of-time appeal, all of which were denied. In 2007, he filed yet another pro se motion for an out-of-time appeal, and that motion was also denied. Cobb now appeals from that denial of his most recent motion to obtain an out-of-time appeal from the denial of his motion to withdraw his guilty plea in 1997.

In denying Cobb's motion for an out-of-time appeal, the trial court cited *Rice v. State*, 278 Ga. 707 (606 SE2d 261) (2004). However, *Rice* involves a motion for an out-of-time appeal from the judgment of conviction and sentence entered on a guilty plea. Here, Cobb seeks an out-of-time appeal from the denial of his motion to withdraw his guilty plea. Therefore, the controlling authority is *Carter v. Johnson*, 278 Ga. 202, 204 (2) (599 SE2d 170) (2004). *Carter* recognizes the existence of the right to appeal directly from the denial of a motion to withdraw a guilty plea, and further holds that, where that right is frustrated either through counsel's negligence or through the trial court's failure to inform the defendant of his right to appeal, the remedy is an out-of-time appeal. The record shows

that, when the trial court denied Cobb's motion to withdraw his guilty plea in 1997, it did not inform him of the right to file a direct appeal. Therefore, the order in this case must be reversed, and the case "returned to the [trial] court with direction to authorize an out-of-time appeal from the denial of [Cobb's] motion to withdraw his guilty plea." *Carter v. Johnson,* supra at 205 (2).

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED JUNE 30, 2008.

Ronnie Cobb, *pro se.*

Stephen D. Kelley, *District Attorney,* David A. Peterson, *Assistant District Attorney,* Thurbert E. Baker, *Attorney General,* for appellee.