## A11A1205. CRUZ v. THE STATE.

(716 SE2d 590)

MILLER, Presiding Judge.

Sabino P. Cruz appeals, pro se, from the trial court's order denying his motion for an out-of-time appeal. He contends that he was entitled to an out-of-time appeal since his counsel and the trial court failed to advise him of his right to directly appeal from the denial of his motion to withdraw his guilty plea. For the reasons that follow, we reverse and remand this case for a hearing on the issue.

The record shows that on September 23, 2002, Cruz entered a nonnegotiated guilty plea to charges of aggravated child molestation, child molestation, and burglary. Following the entry of his sentence and judgment of conviction, Cruz timely filed a pro se motion to withdraw his guilty plea. Cruz's former trial counsel was replaced with the appointment of new counsel. On December 30, 2003, following a hearing, the trial court denied the motion to withdraw the guilty plea. Almost seven years later, on November 3, 2010, Cruz filed a pro se motion for an out-of-time appeal, contending that his right to a timely direct appeal from the denial of his motion to withdraw the guilty plea had been frustrated by the failure of both his counsel and the trial court to advise him of his appeal rights. The trial court denied Cruz's motion, ruling that an out-of-time appeal was not the appropriate means to challenge the plea.

The trial court's ruling was erroneous. Cruz was not asserting a right to appeal directly from a conviction entered on a guilty plea. Rather, he sought an out-of-time appeal from the denial of his motion to withdraw his guilty plea.[1] In Georgia, "[a] defendant has a right to appeal directly the denial of his timely motion to withdraw a guilty plea." (Citations, punctuation and emphasis omitted.) *Carter v. Johnson,* 278 Ga. 202, 205 (2) (599 SE2d 170) (2004). Where that

---

[1] See *Caine v. State,* 266 Ga. 421, 421-422 (467 SE2d 570) (1996) (recognizing the distinction between a direct appeal from a guilty plea and a direct appeal from a motion to withdraw a guilty plea).

right has been frustrated either through counsel's negligence or through the trial court's failure to inform the defendant of his right to appeal, the remedy is an out-of-time appeal. See id. See also *Cobb v. State*, 284 Ga. 74 (663 SE2d 262) (2008); *Murray v. State*, 265 Ga. App. 119, 120 (592 SE2d 898) (2004). "The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal." (Citations and punctuation omitted.) *Leonard v. State*, 293 Ga. App. 808, 809 (1) (668 SE2d 321) (2008). Here, Cruz pertinently contends that both his counsel and the trial court were responsible for the failure to file a timely appeal from the order denying the motion to withdraw his guilty plea, since they did not advise him of his appeal rights. If Cruz's contentions are found to have merit, then he would be entitled to have his motion for an out-of-time appeal granted.[2] See *Carter*, supra, 278 Ga. at 205 (2); *Murray*, supra, 265 Ga. App. at 120. The trial court abused its discretion by failing to make a factual inquiry into the matter. See *Thorpe v. State*, 253 Ga. App. 263, 264 (558 SE2d 804) (2002). "We therefore reverse the denial of [Cruz's] motion for an out-of-time appeal and remand for a hearing on this issue." Id.

*Judgment reversed and case remanded with direction. Ellington, C. J., and Doyle, J., concur.*

DECIDED AUGUST 26, 2011.

Sabino P. Cruz, *pro se.*

*Daniel J. Porter, District Attorney, Stephen A. Fern, Assistant District Attorney*, for appellee.

---

[2] To the extent that the State's arguments pertain to the effective assistance of Cruz's former trial counsel during the plea proceedings, such arguments miss the mark. Rather, the relevant inquiry concerns whether counsel or the trial court informed Cruz of his right to file a timely direct appeal of the order denying his motion to withdraw his guilty plea in the post-plea proceedings. Moreover, contrary to the State's arguments, Cruz properly raised and preserved this claim in his motion for an out-of-time appeal filed in the trial court.