296 Ga. 542
FINAL COPY

S14A1524. SPRIGGS v. THE STATE.

BLACKWELL, Justice.

Following his entry of a plea of guilty but mentally ill,[1] Robert Timothy Spriggs, Jr., was convicted in October 2012 of murder and several other crimes and sentenced. About seven months later, Spriggs filed a motion to withdraw his plea, but the trial court dismissed his motion as untimely. After the time passed in which Spriggs might have appealed as of right from the dismissal of his motion to withdraw, Spriggs filed another motion, this one seeking leave to take an out-of-time appeal from the dismissal of the motion to withdraw. The trial court, however, denied that motion. Spriggs now appeals from the denial of his motion for leave to take an out-of-time appeal from the dismissal of his motion to withdraw. We affirm.

We have recognized the right of a defendant to appeal from the refusal of a motion to withdraw a guilty plea, see Caine v. State, 266 Ga. 421, 421-422 (467 SE2d 570) (1996), and we likewise have recognized that, when the right to appeal from such a refusal is frustrated by a denial of effective assistance of

___

[1] See OCGA § 17-7-131 (g).

counsel to which the defendant is constitutionally entitled, an out-of-time appeal is the appropriate remedy. See Carter v. Johnson, 278 Ga. 202, 205 (2) (599 SE2d 170) (2004). See also Cobb v. State, 284 Ga. 74, 74 (663 SE2d 262) (2008). The problem is, a motion to withdraw a plea of guilty must be filed in the term of court in which the defendant is sentenced, and after the expiration of that term, "the trial court lacks jurisdiction to allow the withdrawal of the plea." Dupree v. State, 279 Ga. 613, 614 (619 SE2d 608) (2005) (citation omitted). Spriggs did not file his motion to withdraw until several terms of court after the conclusion of the term in which he was sentenced. See OCGA § 15-6-3 (33) (terms of court for Rome Judicial Circuit). As such, his motion to withdraw was an untimely one over which the trial court lacked jurisdiction, see Dupree, 279 Ga. at 614, and Spriggs was not entitled to the assistance of counsel in connection with such an untimely motion. See Barnes v. State, 293 Ga. 365, 366 (744 SE2d 795) (2013). And in any event, Spriggs cannot show that he was prejudiced in any way by the allegedly ineffective assistance of his counsel as to an appeal from the dismissal of his motion to withdraw precisely because the trial court clearly did not err when it dismissed that untimely motion, see Dupree, 279 Ga. at 614, and if Spriggs had taken a timely appeal from the

2

dismissal, the dismissal would have been affirmed. Consequently, the trial court did not err when it denied Spriggs an out-of-time appeal from the dismissal of his untimely motion to withdraw his plea.

Judgment affirmed. All the Justices concur.

Decided February 16, 2015.

Murder. Floyd Superior Court. Before Judge Matthews.

Robert T. Spriggs, Jr., pro se.

Leigh E. Patterson, District Attorney, John F. McClellan, Jr., Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.