**FIFTH DIVISION**
**PHIPPS, P. J.,**
**ANDREWS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 28, 2016**

# In the Court of Appeals of Georgia

A16A0812. WILLIAMS v. THE STATE.

PHIPPS, Presiding Judge.

For the second time before this court, Bill Williams claims that the superior court erred by rejecting his quest for reprieve from his guilty plea. For the reasons that follow, we vacate the judgment and remand the case for proceedings consistent with this opinion.

Indicted in Cobb County Superior Court on multiple felony charges, Williams obtained counsel and pled guilty. The court accepted Williams's plea of guilty and imposed sentencing in early October 2007.

In mid-October 2007, representing himself, Williams filed a motion to withdraw his guilty plea. Williams asserted, inter alia, that his guilty plea had not been knowingly and voluntarily made, that his plea of guilty was not supported by

factual bases, and that his plea counsel had rendered ineffective assistance.

Additionally, Williams wrote a letter to the sentencing judge, stating, inter alia, "I feel

that it's in my best interest to retain better councel (sic)." That letter was filed in the

superior court, together with Williams's motion to withdraw his guilty plea.[1]

On October 31, 2007, the superior court denied Williams's motion. While a

defendant has a "right . . . to appeal from the refusal of a motion to withdraw a guilty

plea,"[2] Williams did not do so.

Instead, as set out in Williams's prior appeal, *Williams v. State*[3] (*Williams I*),

Williams took the following actions:

> Fifteen months after his guilty plea . . ., Bill Williams, acting pro se,
> filed a motion to vacate a null and void conviction and sentence. He

---

[1] See generally *McKiernan v. State*, 286 Ga. 756-759 (692 SE2d 340) (2010) (explaining that defendant's *letter* to the trial judge – asking to withdraw his guilty plea and requesting the court to appoint new counsel for trial, which letter was filed in the clerk's office of the sentencing court – should have been treated as a *motion* to withdraw guilty plea, and thus vacating dismissal of defendant's pleading and remanding the case for a hearing thereon).

[2] *Spriggs v. State*, 296 Ga. 542 (769 SE2d 392) (2015). See, e.g., *Cobb v. State*, 284 Ga. 74 (663 SE2d 262) (2008) (same); *Carter v. Johnson*, 278 Ga. 202, 204 (2) (599 SE2d 170) (2004) ("A defendant has a *right* to appeal directly the denial of his timely motion to withdraw a guilty plea.") (citation and punctuation omitted; emphasis in original).

[3] 301 Ga. App. 849 (689 SE2d 124) (2010).

appeals the trial court's denial of that motion, arguing that his guilty plea was not voluntarily entered because his counsel rendered ineffective assistance.[4]

*Williams I* did not reach the substance of that argument, explaining that it was untimely presented to the trial court:

It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea. . . . Here, Williams's motion to vacate his null and void conviction and sentence was filed on January 15, 2009, which was well beyond the term of court in which he was sentenced (October 7, 2007). See OCGA § 15-6-3 (11) (Cobb County Superior Court terms commence on the "Second Monday in January, March, May, July, September, and November" of each year). Accordingly, the trial court did not have jurisdiction to entertain Williams's motion and thus did not err in denying it.[5]

Once the case was remitted to the superior court, Williams, proceeding pro se, filed the motion underlying this appeal. Williams captioned it: "Motion for Out-Of-

---

[4] Id. *Williams I* went on to set out that Williams was additionally "arguing . . . that the trial court abused its discretion by failing to consider sentencing him under the First Offender Act." Id. (footnote omitted). That contention, however, is not relevant to the disposition of this appeal.

[5] Id. at 850-851 (1) (citations and footnote omitted).

3

Time Appeal." In such motion and accompanying brief, Williams recounted that he had been represented by counsel when he pled guilty. Williams alleged that he had thereafter instructed his plea counsel to submit a motion to withdraw his guilty plea, but that his plea counsel had failed to do so. According to Williams, plea counsel "abandoned" him; therefore, he resorted to representing himself so as to timely file a motion to withdraw his guilty plea. Williams complained that the superior court – without conducting an evidentiary hearing and without making any inquiry into whether he wished to be represented by counsel[6] – denied the motion. Williams thus

_____

[6] *Williams I* cited that the superior court had denied Williams's motion to withdraw his guilty plea, id. at 850, and further found noteworthy: "[T]he record is unclear as to the reason Williams was not afforded a hearing on his motion to withdraw his guilty plea. Generally, such hearings are required so that on appeal, if sought, an appellate court can make a determination as to whether the trial court properly exercised its discretion in ruling on the motion. The record is also devoid of any evidence that the trial court advised Williams of his right to legal representation during the plea withdrawal proceedings." Id. at 850, n. 3 (citations omitted). See generally *Barnes v. State*, 293 Ga. 365 (744 SE2d 795) (2013) ("[The Sixth Amendment right to counsel attaches to the preparation and presentation of a motion to withdraw a guilty plea filed within the same term of court in which a criminal conviction is rendered."); *Pierce v. State*, 289 Ga. 893, 894 (1) (717 SE2d 202) (2011) (acknowledging that an indigent defendant's timely motion to withdraw guilty plea triggers the right to appointed counsel); *Murrell v. Young*, 285 Ga. 182, 183 (2) (674 SE2d 890) (2009) (recognizing that "one who has pled guilty is constitutionally entitled to the assistance of counsel to pursue a motion to withdraw his plea"); *Banhi v. State*, 252 Ga. App. 475 (555 SE2d 513) (2001) (vacating denial of motion to withdraw guilty plea and remanding case for trial court to hold necessary hearing, where "the trial court ruled on the motion to withdraw without holding a hearing,

4

sought an out-of-time appeal, asserting that those circumstances – in particular, that his plea counsel had abandoned him, that no new counsel was appointed on his behalf, and that he "did not know how to [appeal]" – had deprived him of his right to a timely appeal from the denial of his motion to withdraw his guilty plea.[7]

In addition, Williams claimed in his "Motion for an Out-of-Time Appeal" that "[i]t does not appear that the court has ever reduced [its] denial of Williams['s] 10-17-07 Motion to Withdraw guilty plea to writing, thus he has never been afforded his rights to appeal either his 10-08-07 convictions or the denial of his 10-17-07 Motion to Withdraw Guilty Plea."[8] Williams thus requested, "[T]he court should either appoint counsel and conduct an evidentiary hearing upon the 10-17-07 motion to withdraw guilty plea, or reduce the order denying the 10-17-07 Motion to writing / and permitting (sic) an out-of-time appeal on same."

[and appellate court was thus] unable to make a determination as to whether the trial court properly exercised its discretion or abused the same") (citation and punctuation omitted).

[7] See *Cobb*, supra (explaining that "where [the right to appeal directly from the denial of a motion to withdraw a guilty plea] is frustrated either through counsel's negligence or through the trial court's failure to inform the defendant of his right to appeal, the remedy is an out-of-time appeal"); see also *Spriggs*, supra.

[8] Williams's motion and letter were dated October 17, 2007, and October 16, 2007, respectively; both were filed in the superior court on October 23, 2007.

The superior court entered an order summarily ruling: "The Court, having read and considered the full record and Defendant's Motion For Out-of-Time Appeal, hereby orders that said Motion be denied." Pro se, Williams filed this direct appeal. As detailed below, Williams complains that the superior court neither vacated and re-entered the denial of his motion to withdraw his guilty plea, nor allowed an out-of-time appeal from the denial of that motion.[9]

1. Williams maintains that the superior court "either entered an order denying the motion [to withdraw his guilty plea] which was not served upon Williams, or never reduced such an order to writing apparently." Citing *Cambron v. Canal Ins. Co.*,[10] Williams contends that "[s]ince the [superior] court has never reduced [its] order denying [his] 10/17/07 motion to writing, or properly served Williams upon (sic) as required by OCGA § 15-6-21,[11] the court should vacate any such order, and

---

[9] See generally *Fairclough v. State*, 276 Ga. 602, 603 (1) (581 SE2d 3) (2003) (describing that "the grant of an out-of-time appeal is the functional equivalent of the entry of a judgment") (punctuation omitted).

[10] 246 Ga. 147 (269 SE2d 426) (1980), disapproved to the extent stated in *Wright v. Young*, 297 Ga. 683, 684, n. 3 (777 SE2d 475) (2015).

[11] OCGA § 15-6-21 (c) pertinently provides that "it shall be the duty of the judge to file his or her decision with the clerk of the court in which the cases are pending and to notify the attorney or attorneys of the losing party of his or her decision"); see *Whitfield v. State*, 313 Ga. App. 297, 299 (1) (721 SE2d 211) (2011)

. . . re-enter said order" so that Williams may then directly appeal "that re-entered order."

The record reveals that the superior court entered an order on October 31, 2007, denying Williams's motion to withdraw his plea. Williams claims on appeal, however, that the superior court failed to provide him with the statutorily-mandated notice thereof. "Under *Cambron*, when notice of the entry of an appealable order is not given, the losing party should file a motion to set aside, and the trial court should grant the motion and re-enter the judgment, whereupon the 30-day appeal period would begin to run again."[12]

Recently in *Wright v. Young*,[13] the Supreme Court of Georgia disapproved *Cambron* "[t]o the extent that *Cambron* . . . states that notice must be sent and *received* in order to deny a motion to set aside."[14] *Wright* interpreted that "OCGA § 15-6-21 (c) only requires that the trial court give notice to the losing party. If the trial

---

(noting that notice requirements of OCGA § 15-6-21 apply also where losing party is a pro se criminal defendant).

[12] *Pierce*, supra at 894-895 (2) (citation and punctuation omitted). See also *Wright*, supra at 684 (same).

[13] Supra.

[14] *Wright*, supra at 684, n. 3 (emphasis in original).

7

court has in fact given notice, then a motion to set aside may be properly denied whether or not the losing party actually received the notice."[15]

Williams filed no motion with a caption that included the words "set aside." But in his (three-page) motion underlying the judgment at issue here, Williams plainly asserted that notice of the order had not been properly provided, then explicitly requested the superior court to set aside and re-enter that order.[16] Accordingly, Williams's motion adequately presented the issue "whether the duty imposed on the court in OCGA § 15-6-21 (c) was carried out."[17]

We cannot conclude from the record whether the superior court notified Williams of the denial of his motion to withdraw his guilty plea.[18]

---

[15] Id.

[16] Uniform Superior Court Rule 36.3 provides, "Every document or pleading presented for filing in a superior court shall bear a caption which sets out the *exact* nature of the pleading or the type of complaint." (emphasis in original). "[H]owever, we must adhere to applicable legal principles, one of which is that there is no magic in mere nomenclature, even in describing pleadings. Under our rules of pleading, substance, not mere nomenclature, controls." *State v. Bell*, 274 Ga. 719 (1) (559 SE2d 477) (2002).

[17] *Wright*, supra at 684 (citation and punctuation omitted).

[18] See generally id.

8

In addition, when it denied [the particular motion underlying the instant appeal], the [superior] court did not make any findings on the issue of notice. In such circumstances, the appellate courts have held that the order denying the losing party's motion . . . must be vacated and the case remanded so that the [superior] court may make findings on the issue of whether notice was provided.[19]

In accordance therewith, the judgment is vacated and the case is remanded.

If on remand the [superior] court finds notice was not given, then the [superior] court must . . . set aside the [denial of Williams's motion to withdraw his guilty plea], re-enter the . . . judgment, and allow the losing party 30 days from the re-entry date to seek appellate review. If the [superior] court finds that notice was given, then the motion to set aside should be denied.[20]

2. We turn to Williams's contention that the trial court erred by refusing to grant him an out-of-time appeal. In the motion underlying the judgment at issue here,

[Williams] sought an out-of-time appeal from the denial of his [October 2007] motion to withdraw his guilty plea. In Georgia, a defendant has a right to appeal directly the denial of his timely motion to withdraw a guilty plea. Where that right has been frustrated either through counsel's negligence or through the trial court's failure to inform the defendant of

---

[19] *Wright*, supra (citations omitted). See, e.g., *Pierce*, supra.

[20] *Wright*, supra (citations and footnote omitted).

his right to appeal, the remedy is an out-of-time appeal. The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal. Here, [Williams] pertinently contends that both his [plea] counsel and the [superior] court were responsible for the failure to file a timely appeal from the order denying the motion to withdraw his guilty plea, since they did not advise him of his appeal rights. If [Williams's] contentions are found to have merit, then he would be entitled to have his motion for an out-of-time appeal granted. The [superior] court abused its discretion by failing to make a factual inquiry into the matter.[21]

For this additional reason, the judgment underlying this appeal is vacated, and the case remanded for a hearing on this issue.[22]

*Judgment vacated and case remanded with direction. Andrews, P. J., and Dillard, J., concur.*

---

[21] *Cruz v. State*, 311 Ga. App. 527, 528 (716 SE2d 590) (2011) (citations, punctuation, and footnotes omitted). See further, e.g., *Cobb*, supra at 75 (reversing judgment and remanding case to the trial court with direction to authorize an out-of-time appeal from the denial of defendant's motion to withdraw his guilty plea, where the trial court denied defendant's motion without informing him of the right to file a direct appeal therefrom).

[22] See *Cobb*, supra; *Cruz*, supra.