**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 30, 2018**

# In the Court of Appeals of Georgia

A18A0746. CLIFTON v. THE STATE.

ELLINGTON, Presiding Judge.

William Clifton appeals from the order of the Superior Court of Jasper County rejecting his motion to withdraw his guilty plea. For the reasons explained below, we dismiss.

The record in this case shows the following:

(1) At a hearing conducted on February 7, 2017, Clifton entered a non-negotiated guilty plea to sale of a controlled substance (methamphetamine), OCGA § 16-13-30 (b); escape, OCGA § 16-10-52; and theft by taking, OCGA § 16-8-2. Clifton was represented by appointed legal counsel.

(2) At the conclusion of the hearing, the trial court accepted the State's recommendation as to punishment and orally pronounced sentence, imposing thirty

years imprisonment, ten years imprisonment, and five years imprisonment, respectively, all to be served concurrently.

(3) Immediately upon hearing this sentence, Clifton asked the court for permission to withdraw his guilty plea until he could hire a lawyer to assist him. Clifton's appointed counsel refused to move on Clifton's behalf to withdraw the plea, stating, "I just don't do frivolous litigation." The trial court verbally denied the motion and advised Clifton that he could hire an attorney to assist him in an appeal after the entry of judgment.

(4) The oral pronouncement of sentence was reduced to writing, filed with the clerk, and stamped "filed" the same day (February 7, 2017), which was during the November 2016 term of court. See OCGA § 15-6-3 (28) (D) (The terms of court for Jasper County begin on the "Second Monday in February, May, August, and November."). The next term of court began on the second Monday in February, that is, February 13, 2017. Id.

(5) On March 23, 2017, Clifton filed pro se a written motion to withdraw his guilty plea. He supplemented his pro se motion to withdraw on June 15, 2017, adding a motion that all charges be dismissed.

2

(6) On August 1, 2017, the trial court conducted a hearing on Clifton's motion to withdraw, at which Clifton appeared pro se.

(7) At the outset of the hearing, Clifton asked for new counsel to represent him in post-conviction proceedings. The trial court instructed him that he was "not going to get new counsel appointed," adding, "You can hire anybody you want to. Go ahead [with your motion]." Stating that he needed an attorney and did not know how to argue a motion in court, Clifton relied on his supplemental written motion and brief. The trial court took the motions under advisement.

(8) On August 9, 2017, the trial court denied Clifton's motion to withdraw his guilty plea and motion to dismiss on the merits. On August 11, 2017, the trial court amended its order to correct the style of the case and ordered that "all other provisions" of the August 7, 2017, "dismissing" Clifton's motion to withdraw his guilty plea and motion to dismiss "shall remain in full force and effect."

Clifton appeals, pro se, asserting numerous errors.

It is incumbent upon this Court to inquire into its own jurisdiction, even when not contested by the parties. *Hourin v. State*, 301 Ga. 835, 836-837 (804 SE2d 388) (2017); *State v. Hill*, 321 Ga. App. 679, 680 (742 SE2d 497) (2013). "A criminal defendant in Georgia does not have the right to represent himself and also be

3

represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." (Citations and punctuation omitted.) *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014). See also *Williams v. Moody*, 287 Ga. 665, 669 (2) (697 SE2d 199) (2010). When a criminal defendant files pro se a notice of appeal while still represented by counsel, the notice is a legal nullity, and the appeal will be dismissed by the appellate court. *Soberanis v. State*, _ Ga. App. _ (Case No. A17A1578, decided March 26, 2018).

In this case, the record is devoid of any order permitting the withdrawal of Clifton's plea counsel, nor does the record show any appearance by new post-judgment counsel to replace plea counsel. *Tolbert v. Toole*, 296 Ga. at 362 (3) ("A formal withdrawal of counsel cannot be accomplished until after the trial court issues an order permitting the withdrawal. Until such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record.") (citations and punctuation omitted). Unless interrupted by entry of an order allowing counsel to withdraw or compliance with the requirements for substitution of counsel, a defense counsel's duty toward the client extends for at least thirty days after the entry of judgment, when a notice of appeal may be filed, and (if longer) through the end of the term at which the trial court enters a judgment of conviction and sentence on a

4

guilty plea, during which time the trial court retains authority to change its prior orders and judgments either on motion or sua sponte for the purpose of promoting justice. *White v. State*, 302 Ga. 315, 318-319 (2) (806 SE2d 489) (2017); *Grace v. State*, 295 Ga. 657, 658 (2) (a) (763 SE2d 461) (2014); *Stephens v. State*, 291 Ga. 837, 837-838 (2) (733 SE2d 266) (2012). Because Clifton's notice of appeal was a legal nullity, his appeal must be dismissed. *White v. State*, 302 Ga. at 315; *Soberanis v. State*, _ Ga. App. _.

Even if we were authorized to consider Clifton's appeal, we would be required to affirm. "[A] motion to withdraw a plea of guilty must be filed in the term of court in which the defendant is sentenced, and after the expiration of that term, the trial court lacks jurisdiction to allow the withdrawal of the plea." (Citation and punctuation omitted.) *Spriggs v. State*, 296 Ga. 542, 543 (769 SE2d 392) (2015). This is so even when the time remaining in the term is shorter than the time that would be allowed for filing a notice of appeal from the judgment (thirty days). *Smith v. State*, 283 Ga. 376 (659 SE2d 380) (2008); see OCGA § 5-6-38 (a). As shown above, Clifton did not file his written motion to withdraw until after the conclusion of the term in which he was sentenced – which is unsurprising, given the limited window of opportunity (about one week) and his counsel's refusal to assist, such as by filing

5

a timely, place-holding written motion to allow time for new counsel to be substituted. "As such, [Clifton's] motion to withdraw was an untimely one over which the trial court lacked jurisdiction," and, consequently, affirmance would have been required. (Citations and punctuation omitted.) *Spriggs v. State*, 296 Ga. at 542.[1]

We note that our ruling does not preclude the filing of a petition for a writ of habeas corpus in the jurisdiction in which Clifton is incarcerated. We cannot evaluate whether Clifton can support an argument that his guilty plea was not knowing and voluntary,[2] but it is troubling that the trial court acquiesced in plea counsel's

---

[1] See *Hernandez-Ramirez v. State*, _ Ga. App. _ (Case No. A18A0037, decided March 23, 2018) (When a criminal defendant files pro se a motion to withdraw his guilty plea while still represented by counsel, the motion is a legal nullity, and must be dismissed by the trial court. On appeal from an order disposing of such a defective motion on the merits, the appellate court will vacate the trial court's order and remand for entry of an appropriate order.).

[2] At the beginning of the guilty plea hearing, Clifton told the court that he did not want to go to trial but that he thought the State's offer was "too stiff." He repeatedly begged the trial court to allow him to remain in the substance abuse treatment program he was in, which finally seemed to be helping with his drug problem, rather than incarcerate him. His plea counsel interjected, "The question now is whether you want to have a hearing or you want to go forward with [stipulating to probation violations and pleading guilty to new charges]." Clifton responded, "'I'm going to be totally honest with you, I don't know what I'm doing, I don't know what I need to do, I'm scared to death. . . . I'm willing to let you take care of it here today." Based on this ambivalence, the court allowed Clifton and his counsel additional time to speak privately. During their conference, his counsel told him that, "if he had any opportunity at all[,] it would be with this Court. [T]here's just not a whole lot we can

6

departure from the duties of legal representation the instant that Clifton's unfettered right to withdraw his guilty plea ended (that is, when punishment was pronounced from the bench[3]), despite Clifton's continuing right to counsel (appointed counsel, if

---

do with this case. We've got parameters and we're rather stuck with it. I didn't dig the hole. I'm trying to fill it up." When the hearing resumed, the court asked Clifton if he understood that he would be stipulating to a violation of probation, that he was going to be entering a guilty plea to the new charges, and that there was no negotiated sentence; he responded that he did understand. Clifton informed the trial court that he had been treated "for paranoid schizophrenia, anxiety, and depression" and took "mental health medication every day" but assured the court that he was "clear headed" on the day of the hearing and was able to understand the proceedings. After a colloquy with the court regarding the rights he was waiving and the range of sentences he faced, Clifton, who was under oath, responded that he freely and voluntarily entered a plea of guilty to the charges against him. Even though the trial court lacked jurisdiction over Clifton's motion to withdraw his guilty plea, as explained above, the court did afford Clifton a hearing, at which he did not offer any evidence outside of the plea hearing transcript, considered his written motion on the merits, and concluded that his plea was knowing and voluntary.

[3] OCGA § 17-7-93 (b) ("If the person pleads 'guilty,' the plea shall be immediately recorded on the minutes of the court by the clerk, together with the arraignment; and the court shall pronounce the judgment of the law upon the person in the same manner as if he or she had been convicted of the offense by the verdict of a jury. At any time before judgment is pronounced, the accused person may withdraw the plea of 'guilty' and plead 'not guilty.'"); *Humphrey v. State*, 299 Ga. 197, 198 (1) (787 SE2d 169) (2016) (The term "[a]t any time before judgment is pronounced" in OCGA § 17-7-93 (b) means "at any time before the trial court orally pronounces a defendant's sentence.") (citation omitted).

indigent)[4] and Clifton's immediately expressed desire to move to withdraw his plea. As the Supreme Court of Georgia has explained, a criminal defendant should not be deprived of the "guiding hand of counsel," at a point in the proceeding when important decisions need to be made and actions potentially taken, often with short deadlines, regarding the filing of a post-trial motion (e.g., a motion for new trial), a post-plea motion (e.g., a motion to withdraw a guilty plea), or a notice of appeal. *White v. State*, 302 Ga. at 318 (2) (not reaching the issue of at what point it is no longer reasonable to treat a convicted defendant as still represented by his trial or plea counsel).[5] And, pretermitting whether Clifton's motion to withdraw had merit,

---

[4] See *Fortson v. State*, 272 Ga. 457, 460 (532 SE2d 102) (2000); ("[T]he right to counsel attaches when a defendant seeks to withdraw a guilty plea, thus entitling that defendant to assistance of counsel."); *Murray v. State*, 265 Ga. App. 119, 120 (592 SE2d 898) (2004) ("[T]he right to counsel extends through the direct appeal of an order denying the defendant's motion" to withdraw his guilty plea.).

[5] A trial court may allow a represented defendant who so chooses to assume self-representation, but only if it finds after a hearing that the waiver of the right to counsel is knowing and voluntary and the defendant understands the disadvantages of self-representation. *Preston v. State*, 257 Ga. 42, 44-45 (3) (354 SE2d 135) (1987); *Thomas v. State*, 331 Ga. App. 641, 657-658 (7) (771 SE2d 255) (2015). As noted above, the record in this case shows that Clifton affirmatively stated his need and desire for legal help in seeking to withdraw his guilty plea.

counsel's lack of participation is the reason this Court must dismiss this appeal.[6]

Under the circumstances, however, Clifton's only available remedy is through a habeas corpus proceeding.[7]

Given that this Court lacks jurisdiction over this appeal, Clifton's various motions pending in this appeal, to wit:

(1) Motion for Release Pending the Disposition of the Appeal, filed December 11, 2017;

(2) Motion to Add Missing Case # 15CR02-033 to Appeal, filed February 22, 2018;

(3) A second Motion to Add Missing Case # 15CR02-033 to Appeal, filed February 26, 2018;

(4) Motion to Expedite Appeals, filed February 26, 2018;

---

[6] See *Williams v. State*, 339 Ga. App. 158, 163 (793 SE2d 485) (2016) ("[A] defendant has a right to appeal directly the denial of his timely motion to withdraw a guilty plea. Where that right has been frustrated either through counsel's negligence or through the trial court's failure to inform the defendant of his right to appeal, the remedy is an out-of-time appeal." The trial court is required to make a factual inquiry into who bore the ultimate responsibility for the failure to file a timely appeal before ruling on a motion for out-of-time appeal.).

[7] *Rubiani v. State*, 279 Ga. 299 (612 SE2d 798) (2005) ("Once the term of court in which a defendant was sentenced has expired, the only available means for an appellant to withdraw his guilty plea is through habeas corpus proceedings.").

(5) Motion for Permission to File as an Exhibit, filed February 26, 2018;

(6) Motion to Hold State in Contempt, filed March 20, 2018;

(7) Motion to Strike Appellee's Out of Time Brief, filed April 3, 2018;

(8) Motion for Order for Court Reporters Recording and Tapes of All Proceedings, filed April 26, 2018; and

(9) Motion for Supersedeas Pending Appeal, filed May 15, 2018

are all hereby DISMISSED for lack of jurisdiction.

*Appeal dismissed. Bethel, J., concurs. Senior Appellate Judge Herbert E. Phipps dissents.***

**\*THIS OPINION IS PHYISCAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2 (a).**

A18A0746.  CLIFTON v. THE STATE.


PHIPPS, Senior Appellate Judge, dissenting.

I understand that "a formal withdrawal of counsel cannot be accomplished until after [a] trial court issues an order permitting the withdrawal." *Tolbert v. Toole*, 296 Ga. 357, 362 (3) (767 SE2d 24) (2014). I also understand that the record before us contains no such order. That same record, however, strongly suggests that Clifton's counsel had abandoned him well before the hearing on his motion to withdraw his guilty plea, by which time that motion was untimely, and that the trial court repeatedly ignored his pleas for representation. Under these circumstances, we should remand the case to the trial court for a determination as to whether Clifton was

represented by counsel from the time he moved to withdraw his plea immediately after sentencing, and, if not, whether he was deprived of his right to counsel at a critical stage of these proceedings. I therefore dissent from the majority's dismissal of this appeal on the ground that Clifton's notice of appeal was a nullity as filed pro se.

As the majority correctly notes, "the right to counsel attaches when a defendant seeks to withdraw a guilty plea, thus entitling that defendant to assistance of counsel." *Forston v. State*, 272 Ga. 457, 460 (532 SE2d 102) (2000). Under our Supreme Court's decision in *White v. State*, 302 Ga. 315 (806 SE2d 489) (2017), it is no longer true that "representation by counsel terminates automatically on the entry of a judgment or sentence." Id. at 318 (2). Rather,

> at a minimum, legal representation continues – unless interrupted by entry of an order allowing counsel to withdraw or compliance with the requirements for substitution of counsel, see USCR 4.3 (1) - (3) – through the end of the term at which a trial court enters a judgment of conviction and sentence on a guilty plea, during which time the court retains authority to change its prior orders and judgments on motion or sua sponte for the purpose of promoting justice.

*White*, 302 Ga. at 319 (2).

2

This record shows that at the hearing of February 7, 2017, and immediately upon the pronouncement of sentence, Clifton asked for permission to withdraw his guilty plea. Counsel promptly refused to do so because "[he] just [didn't] do frivolous litigation." Clifton immediately responded, "I need help." The trial court ignored this request, and from this point on treated Clifton as responsible for his own representation, whether by a new attorney or pro se. The transcript of the hearing on the motion to withdraw, held months later, also makes for harrowing reading as an example of the consequences of proceeding thus:

> THE COURT: A Motion to Withdraw a Guilty Plea has to be in the same term. Do you agree?
>
> [The State]: Yes, sir, I agree.
>
> THE COURT: I agree too. You are out of luck, Mr. Clifton.
>
> . . .
>
> THE COURT: All right. Tell me why you want to withdraw [the guilty plea].
>
> MR. CLIFTON: Well, first of all, I'm not an attorney. I don't know what I'm doing and I would like to ask for representation. Most of this motion here is for ineffective assistance of counsel. I would like to have a new counsel to represent me.

3

THE COURT: You are not going to get new counsel appointed. You can hire anybody you want to. Go ahead.

MR. CLIFTON: Well, I do need counsel and I don't know what I'm doing, but you can read the motion. I don't know how to argue a motion, I just wrote it.

. . .

THE COURT: . . . [H]ow were your rights violated?

MR. CLIFTON: If I could read that motion, I would read them to you one by one.

THE COURT: You don't need to read it to me. I can read it.

MR. CLIFTON: Well, I need the motion so I can read it. I mean, I appreciate it if you would read it, but if you want me to tell you, I've got it wrote down.

THE COURT: I'm not going to sit here and listen to you read your whole motion. You can tell me what you – why you are wanting to withdraw it.

MR. CLIFTON: Well, I've got it wrote down right there. I need to read it so I can tell you. I mean, I can't remember all this. I'm not very educated. I'm not very smart. That's why I wrote it all down there. I can't remember it.

THE COURT: Well,

MR. CLIFTON: That's why I need a lawyer.

There is nothing in this record to suggest that Clifton's counsel informed him or anyone else that Clifton was required to obtain an order from the trial court before proceeding pro se or with new counsel, or that Clifton himself was aware of that requirement. Further, the clear result was that Clifton failed to file his written motion to withdraw his guilty plea until after the conclusion of the term in which he was sentenced, such that, as he was told at the outset of the hearing, the trial court lacked jurisdiction to consider the motion.

Our Supreme Court's holding in *White* had the express purpose of assisting crimnal defendants in retaining the "guiding hand of counsel" at points including a motion to withdraw a guilty plea. 302 Ga. at 318 (2). As *White* also noted:

> There may be some period of time after which it no longer would be reasonable to treat a convicted defendant who has not filed a timely appeal or motion extending the time to appeal, or a timely motion to withdraw his guilty plea, as still represented by his trial or plea counsel.

302 Ga. at 319 (2). Here, Clifton was abandoned by counsel at sentencing and, despite repeated and consistent pleas for representation, was denied such

5

representation, with the result that his motion to withdraw was untimely as filed beyond the term in which his conviction was entered. This is not a case in which Clifton was "still represented by his trial or plea counsel" at any point during his long and futile attempt to withdraw his guilty plea. Id.; see also *Tolbert*, 296 Ga. at 362-363 (3) (rejecting assertion that defendant was not represented by counsel on grounds including that new counsel appeared on the day the defendant purported to file a pro se notice of appeal).

In short, we should not be using *White*, designed as a shield for the protection of criminal defendants, to cut off appellate consideration of this defendant's decision, meritorious or not, to attempt to withdraw his guilty plea. Rather, we should remand the case to the trial court to determine whether Clifton was abandoned by counsel such that Clifton was acting pro se at the time he filed his notice of appeal, in which case we should reach the merits of his appeal, and if he was so abandoned, whether he was deprived of his right to counsel at a critical stage of these proceedings. I therefore respectfully dissent from the majority's dismissal of this appeal for lack of jurisdiction.