# Court of Appeals
# of the State of Georgia

ATLANTA,_ June 02, 2022_____

*The Court of Appeals hereby passes the following order:*

**A22A1096. TONY SHROPSHIRE v. THE STATE.**

Following a jury trial, Tony Shropshire was convicted in 2017 of aggravated child molestation, incest, two counts of child molestation, and cruelty to children in the first degree. Shropshire's trial counsel filed a timely motion for new trial. In May 2018, appellate counsel entered an appearance on behalf of Shropshire and thereafter filed an amended motion for new trial. Following a hearing, the trial court denied the motion in July 2020, and appellate counsel then filed a timely notice of appeal, which is currently pending before this Court. In March 2021, Shropshire filed a pro se "motion for appointment of new appellate counsel," arguing that appellate counsel was ineffective. The trial court denied that motion in January 2022, finding that the delay in Shropshire's appeal resulted from the court reporter's failure to produce trial exhibits but noting that the exhibits had been filed and the record was being sent to the Court of Appeals.[1] Acting pro se, on February 10, 2022, Shropshire filed the current appeal from the order denying his motion for new counsel as well as the order denying his motion to add additional grounds to his previously filed motion for new counsel.

The State has moved to dismiss the appeal, arguing that because Shropshire was at all relevant times represented by counsel, his pro se filings, including his notice of appeal, were a legal nullity. We agree. "When a criminal defendant files pro

---

[1] The appeal of Shropshire's criminal conviction was docketed in this Court on January 14, 2022. *Shropshire v. The State*, Case No. A22A0838.

se a notice of appeal while still represented by counsel, the notice is a legal nullity, and the appeal will be dismissed by the appellate court." *Clifton v. State*, 346 Ga. App. 406, 407 (814 SE2d 441) (2018). See also *Tolbert v. Toole*, 296 Ga. 357, 364 (3) (767 SE2d 24) (2014) (where a "pro se notice of appeal [has] been sent to the Court of Appeals with the record, the appeal would properly [be] dismissed . . . on the ground that the notice of appeal was invalid because [the defendant] was not actually pro se when he filed it"). Because Shropshire was represented by counsel when he filed his February 10 pro se notice of appeal, it is a nullity. See *In the Interest of N. C.*, 358 Ga. App. 379 (855 SE2d 379) (2021). Accordingly, the State's motion to dismiss Shropshire's pro se appeal is GRANTED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   06/02/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, Clerk.