**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 20, 2023**

# In the Court of Appeals of Georgia

A23A1158. CAMPUS v. THE STATE.

FULLER, Senior Judge.

In April 2017, Ricardo Campus[1] pled guilty in Gwinnett County Superior Court to rape, aggravated assault, and first-degree cruelty to children, and the trial court imposed a total sentence of 18 years in prison, to be followed by life on probation. Campus, proceeding pro se, now appeals from the trial court's dismissal of his January 2023 "extraordinary" motion to withdraw his guilty pleas. Campus contends that his pleas were involuntary because his counsel rendered ineffective assistance by misinforming him of the collateral consequences of pleading guilty and failing to tell

---

[1] Campus's last name is spelled "Campos" in the parties' appellate briefs and "Campus" in the trial court record. We use the spelling in the record.

him that he would be required to serve his entire sentence. Because the trial court lacked jurisdiction to grant Campus's motion, we affirm.

A motion to withdraw a guilty plea "must be filed in the term of court in which the defendant is sentenced." *Spriggs v. State*, 296 Ga. 542, 542 (769 SE2d 392) (2015). Otherwise, the trial court lacks jurisdiction to entertain such a motion. Id.; *Henderson v. State*, 295 Ga. 333, 336-337 (2) (759 SE2d 827) (2014); *Orr v. State*, 276 Ga. 91, 93 (2) (575 SE2d 444) (2003).

Campus filed his January 2023 motion well outside of the 2017 term of court in which his sentence was entered. See OCGA § 15-6-3 (20) (Gwinnett County Superior Court terms begin on the first Monday in March, June, and December, and the second Monday in September). Given the expiration of the term of court in which he was sentenced, "[t]he only means now available to [Campus] for challenging the guilty pleas he entered in [2017] is through a petition for [a] writ of habeas corpus." *Orr*, 276 Ga. at 93 (2); accord *Foster v. State*, 294 Ga. 400, 401 (754 SE2d 78) (2014). And Campus neither argues nor cites any authority suggesting that denominating his motion to withdraw his pleas as "extraordinary" changes that result. He therefore has not met his burden of showing that the trial court erred when it determined that it lacked jurisdiction to consider his untimely request to withdraw his

2

guilty pleas. See *Spriggs*, 296 Ga. at 542; *Henderson*, 295 Ga. at 336-337 (2). As a result, we need not reach the merits of the substantive claims of error raised in Campus's appellate brief, and we affirm the judgment of the trial court.

*Judgment affirmed. Doyle, P. J., and Gobeil, J., concur.*