NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: May 6, 2025

S25A0363.  PATTERSON v. THE STATE.

MCMILLIAN, Justice.

Kiwani Khalif Patterson was convicted of malice murder and other crimes for the shooting death of Tarik Bentley.[1] After Patterson's appeal was docketed, this Court raised the question of

---

[1] The crimes occurred on April 24, 2016. On August 17, 2016, a Chatham County grand jury indicted Patterson for malice murder (Count 1), two counts of felony murder (Counts 2 and 3), possession of a firearm during the commission of a felony (Count 4), and possession of a firearm by a convicted felon during a crime (Count 5).

At a trial from February 24 to 26, 2020, a jury found Patterson guilty of all counts. On March 5, 2020, the trial court sentenced Patterson to serve life in prison without the possibility of parole for Count 1 and a consecutive 15-year sentence for Count 5. Counts 2 and 3 were vacated by operation of law, and the trial court merged Count 4 into Count 5 for sentencing purposes.

Patterson filed a timely motion for new trial on April 3, 2020. Following a hearing, the trial court denied the motion on June 10, 2024. Patterson did not timely appeal from that order, but on August 27, 2024, he filed a notice of appeal and a separate motion for reconsideration and extension of time to file a notice of appeal. On August 29, 2024, the trial court set aside its June 10, 2024 order denying Patterson's motion for new trial and again denied Patterson's motion for new trial. Patterson then filed a new notice of appeal on September 10, 2024. The case was docketed to the term of this Court beginning in December 2024 and submitted for a decision on the briefs.

whether the Court had jurisdiction over the appeal and issued an order directing briefing on whether the trial court was divested of jurisdiction by Patterson's filing of an untimely notice of appeal such that the trial court's subsequent order vacating and re-entering the order denying the motion for new trial was void. See *Gilliam v. State*, 312 Ga. 60, 61 (860 SE2d 543) (2021) ("It is not only the right but the duty of a reviewing or appellate court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction.") (citation and punctuation omitted). Because we conclude that the trial court was divested of jurisdiction until an appellate court dismissed Patterson's appeal, we vacate the judgment, dismiss the appeal, and remand for further proceedings without reaching the merits of Patterson's contentions.

As pertinent to the jurisdictional issue only, the record shows the following. After his sentencing, Patterson filed a timely motion for new trial on April 3, 2020, which was denied on June 10, 2024. Service of the trial court's order was made on Patterson's attorney of record the same day. Patterson, through new counsel, filed an

2

untimely notice of appeal on August 27, 2024.[2] On the same day, Patterson also filed a motion for reconsideration and extension of time to file a notice of appeal. On August 29, 2024, the trial court entered two orders: one setting aside its June 10, 2024 order denying Patterson's motion for new trial and the other again denying Patterson's motion for new trial. Patterson then filed a new notice of appeal on September 10, 2024, which was within 30 days of the August 29, 2024 order denying Patterson's motion for new trial.

The question of whether this Court has jurisdiction over this appeal turns on whether the untimely August 27, 2024 notice of appeal divested the trial court of its jurisdiction to set aside and re-enter the order denying the motion for new trial. It is well-settled that "'[e]ven if an appeal is jurisdictionally defective from the outset, a notice of appeal generally acts as supersedeas until the appeal is dismissed.'" *Gonzales v. State*, 315 Ga. 661, 663 (1) (a) (884 SE2d 339) (2023) (quoting *Jones v. Peach Trader Inc.*, 302 Ga. 504, 508 (2)

---

[2] A notice of appeal "shall be filed within 30 days after the entry of the order" denying a motion for new trial. OCGA § 5-6-38 (a).

3

(807 SE2d 840) (2017)). We have explained that the supersedeas effect of a notice of appeal deprives "the trial court of the power to affect the judgment appealed." *Ricks v. State*, 303 Ga. 567, 567 (814 SE2d 318) (2018) (cleaned up). See also *Scroggins v. State*, 288 Ga. 346, 347 (703 SE2d 622) (2010) ("[T]he notice of appeal acted as supersedeas and deprived the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect." (cleaned up)).

In *Scroggins*, the defendant attempted to appeal an order revoking his probation by filing a notice of appeal though an "order revoking probation may only be appealed by the discretionary procedures set forth in OCGA § 5-6-35." 288 Ga. at 347. Yet this Court held that the notice of appeal precluded the trial court from supplementing its order revoking probation with an order purporting to grant an out-of-time discretionary appeal. Id. Similarly, the untimely notice of appeal in this case was defective,

4

but under the general rule that a notice of appeal acts as a supersedeas until the appeal is dismissed, the trial court was divested of jurisdiction to vacate and re-enter the order denying the motion for a new trial that was being appealed.[3]

Patterson claims that (1) his first notice of appeal was merely an exhibit to the motion for reconsideration filed on the same day (rather than a standalone notice of appeal) and (2) even if it was a standalone notice of appeal, it was filed prematurely and ripened when the trial court entered the new order denying the motion for a

---

[3] Though the cases we cited in the order directing the parties to brief the jurisdictional issue addressed whether the notices of appeal filed in those cases were legally effective, they are distinguishable. See *Islamkhan v. Khan*, 299 Ga. 548 (787 SE2d 731) (2016) (appeal from interlocutory order without first obtaining certificate of immediate review); *Tolbert v. Toole*, 296 Ga. 357 (767 SE2d 24) (2014) (pro se notice of appeal filed by represented defendant). In *Islamkhan*, we reasoned that the notice of appeal had no legal effect because OCGA § 5-6-34 (b) requires "a party to obtain both a certificate of immediate review from the trial court and an order from the appropriate appellate court granting the appeal *prior* to a notice of appeal pursuant to OCGA § 5-6-37 being effective as supersedeas[.]" 299 Ga. at 551 (2) (emphasis in original). Unlike the interlocutory order in *Islamkhan*, the order denying Patterson's motion for new trial was a final order appealable by notice of appeal. *Tolbert* involved a pro se notice of appeal when the defendant was represented by counsel, and under authority then in effect, the pro se notice of appeal "had no legal effect and thus did not divest the trial court of jurisdiction to try him." 296 Ga. at 363 (3). But see *Johnson v. State*, 315 Ga. 876, 889 (3) (885 SE2d 725) (2023) ("So we overrule our past decisions to the extent that they hold that pro se filings by counseled defendants are *always* legal nullities.").

5

new trial. See *Gillen v. Bostick*, 234 Ga. 308, 310-11 (1) (215 SE2d 676) (1975) (notice of appeal filed before entry of final judgment was premature but became effective once the final judgment was entered such that the "[C]ourt has jurisdiction of the appeal"). These claims are without merit. The document was clearly labeled and filed as a notice of appeal, and the motion for reconsideration did not reference the notice of appeal as an exhibit. It is also evident that the notice of appeal was not "premature" because it was attempting to appeal the previously entered final order denying the motion for new trial.

For these reasons, we vacate the judgment, dismiss the appeal, and remand for further proceedings.[4]

---

[4] In *Cook v. State*, 313 Ga. 471, 501 (3) (d) n.22 (870 SE2d 758) (2022), we explained that:

> to the extent that the filing deadline is missed by a short period of time and the term of court in which the judgment of conviction was entered still has not expired, the trial court may set aside and reenter the judgment to allow a timely post-trial motion or appeal to be filed. The availability of this historical practice, which is rooted in the common law, should alleviate some of the dissent's concern about ineffective counsel missing jurisdictional deadlines by just a few days or weeks.

(citation omitted). Thus, under *Cook*, it may be possible on remand for the trial court to set aside and re-enter the order denying the motion for a new trial, thereby permitting Patterson to pursue his direct appeal. See *Gray v. State*,

*Judgment vacated, appeal dismissed, and case remanded.
Peterson, CJ, Warren, PJ, and Bethel, Ellington, LaGrua, Colvin,
and Pinson, JJ, concur.*

---

310 Ga. 259, 262 (3) (850 SE2d 36) (2020) ("Georgia courts have long applied the common-law rule that the trial court has the inherent authority to modify a judgment within the term of court and that a motion made during the term serves to extend the power to modify.") (cleaned up). We express no opinion as to whether this remedy is available to Patterson under the circumstances of this case.