**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 9, 2026**

# In the Court of Appeals of Georgia

A25A1915. ROBERSON v. THE STATE.

PIPKIN, Judge.

In this appeal, Appellant Golden Marcel Roberson challenges his March 2017 convictions for aggravated assault, false imprisonment, and numerous other crimes in connection with a vicious attack on his ex-girlfriend, Amanda Ziller. He also challenges the trial court's December 2024 amended order denying his motion for new trial. However, due to the supersedeas effect of Appellant's October 2024 notice of appeal from the trial court's initial order denying his new trial motion, the trial court lacked jurisdiction in December 2024 to enter the amended order. Accordingly, we vacate the trial court's judgment, dismiss this appeal, and remand the case for further proceedings without addressing the merits of Appellant's claims.

1. The jury returned its verdicts on March 9, 2017, and the trial court entered a judgment of conviction and sentence the next day. Appellant filed a motion for new trial on March 16, 2017, which he amended with new counsel on June 28, 2019. On August 19, 2019, the trial court held a hearing on the motion. Two years later, on September 15, 2021, attorney F. Michael Starosto filed a notice of substitution of counsel for Appellant. Another two-and-a-half years passed, and on April 8, 2024, Starosto filed a second amended motion for new trial on Appellant's behalf adding claims that the trial court's lengthy delay in ruling on his new trial motion violated his right to due process, OCGA § 15-6-21(b), and Uniform Superior Court Rule 41.1.

On October 21, 2024, the trial court entered a lengthy order denying Appellant's motion for new trial. On October 25, 2024, Appellant filed a timely notice of appeal, and the appeal was docketed in this Court as Case No. A25A0825. On December 12, 2024, the trial court entered an amended order denying Appellant's motion for new trial, explaining in a footnote that the court had inadvertently failed to address in its initial order the additional claims Appellant raised in his second amended motion for new trial.

The record on appeal did not contain the trial court's amended order, so on December 26, 2024, Appellant filed a motion to remand the case to the trial court for completion of the record. On February 5, 2025, this Court entered an order granting Appellant's motion to remand, striking Case No. A25A0825 from our docket, and remanding the case to the trial court with direction to complete the record without delay and to transmit the complete record and transcript to this Court for redocketing upon the filing of a new notice of appeal by Appellant. The trial court completed the record by including the amended order, and on May 22, 2025, Appellant filed a new notice of appeal. The appeal was redocketed in this Court as Case No. A25A1915.

2. We have a duty to consider the issue of our jurisdiction in every case where there may be any doubt as to its existence. See *Patterson v. State*, 321 Ga. 487, 487 (915 SE2d 555) (2025). The State contends that we lack jurisdiction over this appeal because the trial court lacked jurisdiction to enter the amended order denying Appellant's motion for new trial. We agree with the State that the trial court lacked jurisdiction to enter the amended order.

Appellant's October 25, 2024 notice of appeal from the October 21, 2024 order acted as a supersedeas that deprived the trial court of jurisdiction to alter or amend

3

that order. See *Blash v. State*, 318 Ga. 325, 331(1)(b) (898 SE2d 522) (2024) (recognizing "the general principle that the trial court is divested of jurisdiction to alter the judgment or order appealed from" once a notice of appeal has been filed in a criminal case (citation modified)). Thus, the trial court lacked jurisdiction to enter the amended order denying Appellant's new trial motion on December 12, 2024, and the amended order therefore was void. See *Patterson*, 321 Ga. at 488 ("The notice of appeal acted as supersedeas and deprived the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect." (citation modified)). In this procedural posture, the proper course is to vacate the trial court's judgment, dismiss the appeal, and remand the case for further proceedings. See id. at 489. Accordingly, we vacate the trial court's judgment, dismiss this appeal, and remand the case to the trial court with direction to enter a new order once this Court's remittitur has been filed in the trial court.

*Judgment vacated, appeal dismissed, and case remanded with direction. McFadden, P. J., and Hodges, J., concur.*