**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 10, 2026**

# In the Court of Appeals of Georgia

A25A1958. NEELEY v. PARSELL et al.

PIPKIN, Judge.

This case involves a boundary dispute between owners of adjacent residential properties. In August 2020, Appellant Irene Neeley filed a complaint for declaratory judgment and other relief to establish title by prescription to the disputed strip of land. The following month, Appellees Maren and Jason Parsell filed an answer and counterclaims to quiet title and for other relief. The parties consented to have the title issues decided by a special master, and on November 16, 2022, the special master filed his report and recommendations, which he amended on December 27, 2022. After a hearing, on February 28, 2024, the trial court entered an order on the special master's report and recommendations in which the court rejected Appellant's claims and

quieted title to the disputed strip of land in Appellee Maren Parsell. On August 9, 2024, Appellees filed a voluntary dismissal of their remaining counterclaims. On Monday, September 9, 2024, Appellant filed a notice of appeal from the trial court's February 28, 2024 order in which Appellant noted that Appellees had dismissed their remaining counterclaims on August 9, 2024.

"It is ... the duty of a reviewing or appellate court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." *Patterson v. State*, 321 Ga. 487, 487 (915 SE2d 555) (2025) (citation modified). Appellant's notice of appeal identifies the order being appealed as the trial court's February 28, 2024 order. See OCGA § 5-6-37 (requiring a notice of appeal to "set forth ... a concise statement of the judgment, ruling, or order entitling the appellant to take an appeal"); *Mateen v. Dicus*, 281 Ga. 455, 456 (637 SE2d 377) (2006) ("[A]n appellant need only include in the notice of appeal the single judgment that entitles the appellant to take an appeal ... ."). But Appellant did not file her notice of appeal until September 9, 2024, long after the 30-day deadline to file a notice of appeal from the February 28, 2024 order had expired. See OCGA § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or

judgment complained of ... ."). Appellees' voluntary dismissal of their remaining counterclaims was not a judgment, ruling, or order of the trial court that could itself be appealed, and Appellees' filing of the voluntary dismissal did not extend the time to file a notice of appeal from the trial court's February 28, 2024 order. See *Dykes v. Atlanta Paving & Concrete Constr., Inc.*, 375 Ga. App. 119, 122-25 (914 SE2d 416) (2025). Accordingly, Appellant's notice of appeal was untimely, and we therefore lack jurisdiction to consider this appeal. See *Heard v. State*, 274 Ga. 196, 196(1) (552 SE2d 818) (2001) ("[T]he timely filing of a notice of appeal is an absolute prerequisite to confer jurisdiction upon the appellate court ... .").[1]

*Appeal dismissed. Hodges, J., concurs. McFadden, P. J., dissents.*

---

[1] Appellees filed a motion to dismiss this appeal for a different reason. In light of our disposition of this appeal, we dismiss Appellees' motion as moot.

A25A1958. NEELEY v. PARSELL et al.


MCFADDEN, Presiding Judge, dissenting.

I respectfully dissent for the reasons set out in my dissent from the denial of en banc consideration, joined by Presiding Judge Barnes, Presiding Judge Doyle, then-Judge Land, and Judge Watkins, in *Dykes v. Atlanta Paving & Concrete Constr.*, 375 Ga. App. 119, 126-29 (914 SE2d 416) (2025). I adhere to that dissent because, as explained therein, the majority opinion in *Dykes*, is contrary to precedent from our Supreme Court. See *Blash v. State*, 318 Ga. 325, 329-30 (1) (a) (898 SE2d 522) (2024); *Clark v. Deal*, 298 Ga. 893, 894 (2) (785 SE2d 524) (2016); *State v. Hood*, 295 Ga. 664, 664–65 (763 SE2d 487) (2014).