**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**May 18, 2026**

# In the Court of Appeals of Georgia

A26A0437. CLEMONS v. THE STATE.

PIPKIN, Judge.

This is the second appearance of this case before this Court. In *Clemons v. State*, 375 Ga. App. 232 (915 SE2d 689) (2025), we reversed the trial court's order denying Appellant Stephon Bernard Clemons's pro se motion to withdraw his June 2024 non-negotiated guilty pleas to aggravated assault with a deadly weapon against Jonathan Fortner and other crimes because Appellant lacked counsel at the hearing on his motion and the record did not contain a proper waiver of his right to counsel. See id. at 232-33(1). On remand, after a hearing at which Appellant was represented by newly appointed counsel, the trial court again denied Appellant's motion. We affirm.

1. According to the factual basis presented by the State at the June 2024 plea hearing, on April 14, 2023, Appellant, a convicted felon, broke into the back of Fortner's 18-wheel tractor-trailer at a rest area off Interstate 20 in Morgan County. Fortner, who had been asleep, awoke and went to the back to see what was going on. After a heated confrontation, Appellant retrieved a handgun from his van and pointed it at Fortner, prompting Fortner to "let him go." Appellant then fled the scene. The following month, Fortner identified Appellant as his assailant in a photographic lineup. Appellant was arrested a month later, and when he was interviewed, he was "cooperative and admitted, for the most part, his participation and certainly his identity as the person doing it."

On September 8, 2023, a Morgan County grand jury indicted Appellant for aggravated assault, entering a motor vehicle with intent to commit a theft, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. On October 31, 2023, attorney David W. Bass filed an entry of appearance as retained counsel for Appellant. On the same day, Bass filed a motion for bond, which the trial court granted on November 8, 2023.

At a calendar call on January 22, 2024, after Appellant changed his mind about accepting an early plea offer, the State filed a notice of intent to introduce evidence of nine prior convictions in aggravation of punishment pursuant to OCGA § 17-10-7(a) and (c).[1] The following month, Appellant violated the conditions of his bond, which the trial court revoked on April 15, 2024. On June 12, 2024, the court held a plea hearing at which Appellant entered non-negotiated guilty pleas to all four charges.[2]

At the plea hearing, Appellant testified that he understood all the rights that he was waiving by pleading guilty; that he and Bass "came to the conclusion that it would be best not to go to trial with these circumstances, with my record and things of that nature"; and that although he did not want to plead guilty to the two firearm-

---

[1] OCGA § 17-10-7(a) provides that a convicted felon who is convicted of another felony "shall be sentenced to undergo the longest period of time [statutorily] prescribed for the punishment of the subsequent [felony]." See *Langley v. State*, 313 Ga. 141, 147-48(2) (868 SE2d 759) (2022) (discussing OCGA § 17-10-7(a)). OCGA § 17-10-7(c) makes "fourth-time felony offenders" ineligible for parole. *Kimbrough v. State*, 300 Ga. 516, 517(2) (796 SE2d 694) (2017).

[2] Appellant entered his guilty pleas to the two firearm-possession counts pursuant to *North Carolina v. Alford*, 400 U.S. 25 (91 SCt 160, 27 LE2d 162) (1970). See id. at 37 ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

possession charges, he believed that it was likely that he would be found guilty of those charges at trial.[3] The State, after informing the court of its recommended sentence, noted that Appellant "will have to serve this sentence … [,] if the Court finds that he is a recidivist, at 100 percent." The court then accepted Appellant's guilty pleas and sentenced him as a recidivist under OCGA § 17-10-7 (a) and (c) to a total of 25 years in prison, with the first 15 years to be served in confinement and the remainder to be served on probation. After pronouncing the sentence, the court asked Appellant if he understood it, and Appellant said that he did.

On July 3, 2024, within the same term of court, Appellant, although still represented by Bass, filed a pro se motion to withdraw his guilty pleas. Appellant alleged that Bass "did not put forth his best efforts [in] handling this case" because Appellant failed to fully pay him. As a result, Appellant asked that he be allowed to withdraw his guilty pleas and be given a jury trial. On September 9, 2024, the trial court held a hearing on the motion at which Appellant was not represented by counsel.

---

[3] According to Bass, Appellant claimed that he merely "feigned the retrieval of a handgun" in order to "get Mr. Fortner off of him," but there was no actual gun. Bass then stated, "We acknowledge that before a jury, Mr. Fortner saying there was a gun, [Appellant] with a motive to fabricate and a long record, the jury is likely to believe Mr. Fortner."

On September 13, 2024, the court entered an order denying the motion, which was the subject of Appellant's previous appeal.

In May 2025, we reversed the trial court's judgment denying Appellant's motion to withdraw his guilty pleas and remanded the case for further proceedings. See *Clemons*, 375 Ga. App. at 233(1). On July 9, 2025, the trial court held a hearing on Appellant's motion at which Appellant was represented by newly appointed counsel. When the court asked what the basis for Appellant's motion was, Appellant's appointed counsel argued that he was denied the effective assistance of counsel in connection with the entry of his guilty pleas because "[i]t's clear from [Appellant's] testimony and experience that he did not know that the sentence would be one that he would not be eligible for parole with." Counsel made clear that the relief Appellant sought was the withdrawal of his guilty pleas and a jury trial.

Two witnesses testified at the July 2025 hearing: Appellant's retained plea counsel, Bass, and Appellant himself. Appellant testified that Bass never told him that if he pled guilty, he would be sentenced as a recidivist and be ineligible for parole. Appellant also testified that he had previously been released on parole seven times and "only had to max out one sentence … in the early 90s." According to Appellant, he

did not know until August 2024, when he received a letter from the Georgia Board of Pardons and Paroles, that he had been sentenced as a recidivist and would not be considered for parole. Appellant further testified that if he had known that he was going to be sentenced as a recidivist, he would not have pled guilty and instead would have insisted on going to trial. On cross-examination, Appellant claimed that he knew when he pled guilty that he was facing more time because of his record but "not the day per day sentence. … I would have understood day for day" to mean that he would not be eligible for parole.

Bass testified that he advised Appellant early on that, in light of the State's evidence, Appellant's lack of a viable defense, and his extensive record, "it would be an extremely steep hill for him to be found not guilty at trial" and that "[h]is best course of action" would be to accept the State's offer to drop the two firearm-possession charges in exchange for the entry of non-negotiated guilty pleas to the other two charges. According to Bass, Appellant initially told him that he was going to accept the State's offer, but as they were entering the courtroom two months later for a January 2024 calendar call, Appellant said that he had changed his mind. Bass testified that Appellant then rejected the State's initial plea offer and the State filed

its notice of intent to introduce evidence of nine prior convictions in aggravation of punishment. Bass further testified that as they were leaving court, he told Appellant "what recidivist meant," that "all the discussions we had about early release, parole, probation, everything is off the table," and that if he pled guilty, any sentence he received would have to be served "day for day." Bass emphasized, "I don't know how much more clearly I could have said day for day. But ... day for day, those three words, were used." Bass testified that Appellant later changed his mind again and, in June 2024, accepted a less favorable plea offer from the State.

On August 12, 2025, the trial court entered an order again denying Appellant's motion to withdraw his guilty pleas. The court expressly found that "plea counsel ... adequately explained the consequences of aggravation of punishment should [Appellant] decide to go forward with a non-negotiated plea" and therefore rejected Appellant's claim of ineffective assistance of plea counsel. On August 25, 2025, Appellant filed a timely pro se notice of appeal even though he was represented by his appointed counsel. The record on appeal does not contain a notice of appeal filed by Appellant's appointed counsel.

2. We have a duty to consider whether we have jurisdiction in every case where there may be any doubt as to its existence. See *Patterson v. State*, 321 Ga. 487, 487 (915 SE2d 555) (2025). Orders denying motions to withdraw guilty pleas are immediately appealable as of right. See *Spriggs v. State*, 296 Ga. 542, 542 (769 SE2d 392) (2015); *Carter v. Johnson*, 278 Ga. 202, 204(2) (599 SE2d 170) (2004). Cf. Ga. L. 2025, p. 621, § 1-2 (codified at OCGA § 5-6-35(a)(5.3)) (effective May 14, 2025, requiring appeals from guilty pleas to come by discretionary application). However, "a timely filed notice of appeal is an absolute prerequisite" to this Court's jurisdiction. *Kelly v. State*, 311 Ga. 827, 831 (860 SE2d 740) (2021). The trial court entered its order denying Appellant's motion to withdraw his guilty pleas on August 12, 2025, so Appellant's notice of appeal was required to be filed no later than September 11, 2025. See OCGA § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of … .").

After the trial court entered its order on August 12, 2025, Appellant was still presumptively represented by his appointed counsel, see *Johnson v. State*, 315 Ga. 876, 876, 879(1) n.5 (885 SE2d 725) (2023), who did not file a notice of appeal — timely or otherwise —from that order. However, on August 25, 2025, Appellant filed a pro

se notice of appeal, even though he was represented by counsel at the time and therefore had no legal right to submit a pro se filing. See id. at 876 ("[A] defendant does not have a constitutional or statutory right to represent himself while he is also represented by counsel ... ."). Nevertheless, we have the discretion to recognize a notice of appeal that a criminal defendant files pro se while he is represented by counsel. See id. at 890(4) (holding that courts have "the discretion to recognize a timely and otherwise procedurally proper pro se filing made by a defendant who is still formally represented by counsel"), 891(4) n.15 ("[T]he decision whether to recognize a pro se notice of appeal remains one for appellate courts to make."). See also id. at 891(4) ("We expect that the recognition of pro se filings by counseled defendants will be the exception and not the rule ... . When a court chooses to recognize such a filing[,] ... it should make that exercise of discretion clear on the record." (citation modified)). We exercise our discretion to recognize Appellant's timely pro se notice of appeal because doing so "preserve[s] a right of appeal that would otherwise be lost through no fault of" Appellant. Id. at 890(4). We therefore have jurisdiction over this appeal.

3. Appellant contends that the trial court erred in denying his motion to withdraw his guilty pleas because he was denied the effective assistance of counsel in connection with the entry of his pleas. See *Lee v. United States*, 582 U.S. 357, 363(II) (137 SCt 1958, 198 LE2d 476) (2017) ("The Sixth Amendment guarantees a defendant the effective assistance of counsel at critical stages of a criminal proceeding, including when he enters a guilty plea." (citation modified)). "To demonstrate that counsel was constitutionally ineffective, a defendant must show that counsel's representation 'fell below an objective standard of reasonableness' and that he was prejudiced as a result." Id. (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 692 (104 SCt 2052, 80 LE2d 674) (1984)). To establish that counsel's professionally deficient advice to plead guilty resulted in prejudice, a defendant must show a " 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Id. at 364-65(II)(A) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (106 SCt 366, 88 LE2d 203) (1985)). Appellant has not met his burden.

Appellant testified that Bass never told him that if he pled guilty, he would be sentenced as a recidivist and be ineligible for parole. If that were true, Appellant would have shown deficient performance by Bass. See *Alexander v. State*, 297 Ga. 59, 65 (772

SE2d 655) (2015) ("When it comes to parole eligibility, we conclude that an attorney's failure to inform his or her client that he or she would be ineligible for parole as a recidivist for the entirety of a lengthy prison sentence is constitutionally deficient performance."). But the trial court was entitled to disbelieve Appellant's testimony and to credit instead Bass's testimony that, prior to Appellant's entry of his guilty pleas in June 2024, Bass told him what the word "recidivist" means and informed him that he would be sentenced as a recidivist if he pled guilty, that he would not be eligible for parole, and that he would instead serve his sentence "day for day." See *Berrien v. State*, 300 Ga. 489, 492(2) (796 SE2d 718) (2017) ("To the extent the evidence was in conflict at the motion hearing, the credibility of Appellant's testimony was for the trial court to determine." (citation modified)). Appellant's failure to show deficient performance dooms his claim of ineffective assistance of plea counsel. See *Strickland*, 466 U.S. at 700(V) ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."). Accordingly, we affirm the trial court's judgment denying Appellant's motion to withdraw his guilty pleas.

*Judgment affirmed. Dillard, P. J., and Gobeil, J., concur.*

11